SYRACUSE MALLEABLE IRON WORKS, Appellant, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent.

Fourth Department, January 9, 1918.

**Insurance — contract of liability insurance construed — evidence — injury to employees of manufacturer by fall of roof in course of construction.**

A policy of liability insurance provided that the declarations should be a part thereof. One item of the declarations provided that " The employees to be covered by this policy do not make additions to, alterations in, or construct or demolish buildings, structures or plant." The policy provided that it should not apply to injuries to employees " caused by making additions to, alterations in, or the construction or demolition of any building, structure or plant," " Unless a permit describing the work to be undertaken, signed by an officer of the Company is hereto attached." While employees of the insured, a manufacturer of malleable iron, were in the annealing room packing castings in pots to go into the ovens, a new roof in the course of construction by the insured to replace an old one destroyed by fire fell and injured some of said employees who were not at the time of the accident nor at any time engaged in the work of repairing the roof, or in any of the work of repairs.

In the action by the insured upon said contract of insurance, *held,* that the loss for injuries to the employees in question was covered by the terms of the contract.

A contract of insurance prepared by the insurer must be construed as favorably to the insured as its language will reasonably permit.

APPEAL by the plaintiff, Syracuse Malleable Iron Works, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 18th day of March, 1916, dismissing the complaint on the merits upon the decision of the court after a trial at the Onondaga Trial Term, the case having been withdrawn from the consideration of the jury by consent.

*Le Roy B. Williams,* for the appellant.

*H. D. Bailey,* for the respondent.

DE ANGELIS, J.:

The action was by the insured against the insurer upon an employers' liability insurance contract to recover an alleged

loss.   The defense was that the loss was not covered by the terms of the contract.

The plaintiff is engaged in manufacturing malleable iron. On the 9th day of August, 1910, the roof of its annealing room was destroyed by fire.   This room was in a one-story building one hundred and forty-four feet long and forty-eight feet wide.   The walls were seventeen feet high, made of stone and brick, and remained intact after the fire, except in some slight particulars.   The roof was made of wood and covered with slag.   On the 15th day of December, 1910, a new roof in the course of construction by plaintiff to replace the old one was nearly completed when it fell and injured five of the plaintiff's employees.   The new roof was made of steel trusses, steel beams, reinforced concrete, tar and paper.   It was heavier than the old roof.   The employees so injured were not at the time of the accident nor at any time engaged in the work of repairing the roof or in any of the work of repairs but were in the annealing room packing castings in the annealing pots to go into ovens or kilns.   These ovens or kilns had not been injured in the fire so far as the evidence shows. This work was ordinarily done in the annealing room and continued most of the time during which the repairs were going on.

This accident happened before the Workmen's Compensation Law went into effect.   These injured men presented claims against the plaintiff under the Employers' Liability Act and thereafter brought actions against the plaintiff to recover damages for such injuries on the ground of the alleged negligence of the plaintiff.   The defendant, the insurance company, was notified of the accident and requested to defend these actions.   This it declined to do.   A judgment was recovered by one of the injured employees which was paid by the plaintiff.   Pursuant to an agreement between the parties the plaintiff settled the other actions.   The whole amount paid by the plaintiff in such settlement, including the amount paid to satisfy the judgment, was $6,399.47.   It was agreed between the parties that a demand was made for that sum and that if it should be found that the defendant was liable on its contract the recovery should be that sum with interest from January 1, 1912.

The original contract of insurance was evidenced by certain written declarations of the insured and the policy issued by the insurer. By its terms the policy expired December 12, 1910. By means of a brief paper issued by the defendant to plaintiff dated December 9, 1910, called a " binder," the plaintiff was again insured for ten days pending the arrival of a new policy. The accident occurred during the life of the binder. The new policy was delivered after the accident and is identical in its provisions with the old policy except that the new policy is dated December 12, 1910, and was to expire December 12, 1911.

In the declarations are the following pertinent provisions:

" Description of business operations to be insured. Iron foundry including machine and pattern work incidental thereto."

" Item 12. The employees to be covered by this policy do not make additions to, alterations in, or construct or demolish buildings, structures or plant.

The pertinent provisions of the policy are as follows:

" The Travelers Insurance Company
of Hartford, Connecticut.
(Herein called the Company)

" Does hereby agree with the Assured named and described as such in the Declarations forming part hereof, as respects bodily injuries accidentally sustained, including death at any time resulting therefrom as follows:

" Indemnity for Loss:

" 1. To indemnify the Assured against loss by reason of the liability imposed upon him by law for damages on account of such injuries."

" Persons Covered:

" V. This agreement shall apply to such injuries sustained by (a) any person or persons employed by the Assured whose entire compensation is included in the Declarations hereinafter contained and upon which the premium for this Policy is computed;  *  *  *

" This agreement shall not apply to any such injuries sustained by any person or persons except as above provided, nor to any such injuries caused or sustained by any person employed by the Assured in violation of law," etc.

" Operations Covered:

" VI. This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations and shall include the work of making ordinary repairs for the preservation of machinery or buildings and the renewal of existing mechanical equipment. Unless a permit describing the work to be undertaken, signed by an officer of the Company, is hereto attached, this agreement shall not apply to such injuries so sustained if caused by making additions to, alterations in, or the construction or demolition of any building, structure or plant, or by the installation of mechanical equipment in any building or part of building not previously occupied by the Assured.

" Location Covered:

" VII. This agreement shall apply only to such injuries so sustained while within the factories, shops or yards defined in said Declarations or upon the premises or ways immediately adjoining."

The men who were injured were engaged in the legitimate work of the foundry of the plaintiff and their injuries were sustained in the business operations described in the declarations and policy.

The declarations and the policy must be read together, for in the policy it is expressly provided that the declarations shall be part thereof.

To repeat it, item 12 of the declarations is as follows: " The employees to be covered by this policy do not make additions to, alterations in, or construct or demolish buildings, structures or plant."

These injured employees were not engaged in any such work. It was on paragraph VI of the policy that the trial court relied in reaching its conclusion. The heading of that paragraph is " Operations Covered." The first sentence is as follows: " This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations and shall include the work of making ordinary repairs for the preservation of machinery or buildings and the renewal of .existing mechanical equipment."

The second part of this sentence, beginning with the words " and shall include," has for its subject " agreement," and,

with that subject, is meaningless. There should be supplied after the word " and " the words " such business operations described in said Declarations," or an abbreviation of the same, in order to make the language intelligible. That we may have the remainder of the paragraph closely in view, we quote it: " Unless a permit describing *the work to be undertaken*, signed by an officer of the Company, is hereto attached, this agreement shall not apply to such injuries so sustained if caused by making additions to, alterations in, or the construction or demolition of any building, structure or plant, or by the installation of mechanical equipment in any building or part of building not previously occupied by the Assured." (The italics are ours.)

We invoke at this point the well-established rule that this contract of insurance prepared by the insurer, must be construed as favorably to the insured as its language will reasonably permit. In the declarations the plaintiff was required to stipulate that the employees to have been covered by the policy did not " make additions to, alterations in, or construct or demolish buildings, structures or plant." It was appropriate that there should be a definite provision in the policy to meet this requirement and that is found in this paragraph VI under discussion. The insured would naturally read this paragraph VI of the policy in the light of the stipulation made by it in the declarations and, therefore, as applying to what was or was not to have been done by its employees. So that the insured learned that its employees who were covered by the policy might make ordinary repairs for the preservation of machinery or buildings, etc. and still in case they were injured, the insured would be protected by the policy. Bearing in mind the same considerations, the insured reading " Unless a permit describing *the work to be undertaken*, signed by an officer of the Company, is hereto attached, this agreement shall not apply to such injuries so sustained," etc., had a right to assume that if such employees were to undertake the work of " making additions to, alterations in, or the construction or demolition of any building, structure or plant," etc., they would need the permit, *but not otherwise.*

The words " work to be undertaken " are very significant. They suggest that the work to be undertaken was to be the

general work of "making additions to, alterations in, or the construction or demolition of any building, structure or plant." Such language did not contemplate a possible occasional instance where an employee in his usual foundry work suffered an accidental injury attributable to the negligence of his employer.

There is no pretense that there is any provision of this insurance agreement that in any manner limits the liability of the insurer to answer to the insured for an injury arising from the operation of the foundry, provided the employee injured is engaged in the foundry work within the prescribed territorial limits. Suppose that these men who were injured had been at work in the annealing room when the old roof was intact before the fire, just as they were at work at the time of the accident, and the old roof had come down upon them because of an overweight of snow and ice due to the negligence of the plaintiff, and they were injured, is there any doubt that the plaintiff would have been entitled to indemnity from the defendant? We think not.

We think the trial court fell into error in its disposition of this case and that its decision in favor of the defendant should not be sustained.

We disapprove of the findings so far as they are in hostility to the views herein expressed and especially to the fifth finding of fact and the conclusion of law.

It follows that the judgment must be reversed, with costs, and judgment ordered in favor of the plaintiff as provided in the stipulation for that purpose, with costs.

All concurred.

Judgment reversed, with costs, and judgment directed for the plaintiff, with costs, in accordance with the opinion. Order to be settled before Mr. Justice DE ANGELIS on three days' notice at which time findings to be disapproved and proposed new findings may be submitted.