[No. 14834.    Department Two.    September 25, 1918.]

JAMES SUTHERLAND, *Appellant*, v. FIDELITY & CASUALTY COMPANY OF NEW YORK, *Respondent*.[1]

INSURANCE—INDEMNITY INSURANCE—POLICY — LIABILITY — LOSSES COVERED. An indemnity policy insuring a physician "against loss from liability imposed by law" on account of bodily injuries suffered in consequence of "malpractice, error or mistake," in the practice of his profession, covers a judgment recovered against the insured for damages for failing to remove gallstones from a patient operated upon under a contract to remove all gallstones in the body of the patient; since the judgment was a "liability imposed by law" for an error or mistake in the practice of his profession.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 2, 1918, upon findings in favor of the defendant, in an action on an indemnity insurance policy, tried to the court. Reversed.

*McCarthy & Edge* and *George D. Lantz*, for appellant.

*Davis & Heil*, for respondent.

[1]Reported in 175 Pac. 187.

MOUNT, J.—This action was brought to recover upon a liability insurance policy. The defendant denied liability upon the policy. The case was tried to the court without a jury. The trial court concluded that there was no liability upon the policy, and entered a judgment dismissing the action. Plaintiff has appealed.

The facts are not in dispute. It appears that, in 1911, the respondent issued its policy agreeing to indemnify the appellant, who is a physician and surgeon, "—against loss from the liability imposed by law upon the assured, for damages on account of bodily injuries or death, suffered by any person or persons in consequence of any malpractice, error or mistake—(a) of the assured in the practice of his profession during the term of this policy; . . ."

Thereafter, while the policy was in force, on December 4, 1912, the appellant performed an operation upon one Michael Schuster, who thereafter brought an action against the appellant, claiming that the latter failed to remove a gallstone which should have been removed in the course of the operation performed. In that action, Schuster recovered a judgment against the appellant in the sum of $2,466.15 and costs. The case was appealed to this court and the judgment affirmed. See *Schuster v. Sutherland,* 92 Wash. 135, 158 Pac. 730. The appellant, at the same time, carried insurance in other companies, which paid their proportionate share of the judgment. This action was brought to recover the remainder against the respondent. It appears from the record in *Schuster v. Sutherland* that the appellant entered into an agreement with Mr. Schuster to remove all gallstones then in the body of Mr. Schuster, and all cause of disease possible to be removed by a surgical operation; that appellant violated that agreement because he failed in said operation to remove a gallstone then in the body of Mr.

Schuster; that, by reason of said breach, Schuster and wife were damaged in the sum of $2,466.15. The trial court was evidently of the opinion that, because there was a special agreement to remove gallstones and to cure Mr. Schuster of the disease from which he was then suffering, this was not a liability insured against by the policy.

Respondent argues, in substance, that there can be no recovery upon the policy because the liability adjudicated in the *Schuster* case is not covered by the terms of the policy. We think the trial court was in error in holding that the liability adjudicated in the *Schuster* case was not covered by the policy of indemnity. The policy agrees to indemnify the appellant against loss from liability for damages suffered by any person in consequence of malpractice, error or mistake of the assured in the practice of his profession. It is plain from the record in the *Schuster* case that Mr. Schuster was injured by the doctor in the practice of his profession. If the damage was not caused by malpractice, it was clearly caused by error or mistake in not removing the gallstone from the person of Mr. Schuster, and for that reason, as shown by the opinion, the damage was assessed against the appellant. This was a loss clearly imposed by law upon the appellant. He was required to pay, and did pay, that amount for the error or mistake which he made in not removing the gallstone while in the practice of his profession. It is argued by the appellant that "the liability imposed by law," contained in the policy of indemnity, refers to common law liability only, and it is argued that a surgeon, under the law, is not required to enter into a contract, but is liable only for failure to exercise diligence, care and skill such as is ordinarily possessed by the members of his profession in good standing, and that, when he made a contract to

do more than that, he took upon himself a liability not imposed by law.

This reasoning would no doubt be sound in case of malpractice on the part of the physician, but clearly the physician had a right to enter into a contract to remove all gallstones from the body of his patient and to effect a cure. He clearly had a right to do this in the practice of his profession, and if he made an error or mistake, or was guilty of malpractice, and damages resulted thereby to his patient, a recovery might be had. The words *malpractice, error* and *mistake,* as used in this indemnity policy, do not mean necessarily the same thing. If they were so intended, it was an idle thing to insert more than the word *malpractice.* A physician may err or make a mistake without being guilty of malpractice. This policy covers malpractice. It covers error, and it covers mistake in the practice of appellant's profession; and if liability flows from either, and he is required to pay damages on that account, we think it is plain that the policy here undertook to insure against such mistake or such error, as well as against malpractice. The words "liability imposed by law" clearly refer to a judgment recovered on account of malpractice, error or mistake, and do not limit the policy to cases where there was simply malpractice, where the physician is required to use care, diligence and such skill as is ordinarily possessed by the average members of the profession in good standing. The judgment in the *Schuster* case was a liability fixed by law. This liability resulted from an error or mistake of the appellant in his treatment of Mr. Schuster. The mere fact that appellant had a special contract to remove all of the gallstones from Mr. Schuster did not affect the insurance policy, because it was a contract made in the practice of appellant's profession and one which he clearly had a right to make. The re-

sult was that he failed to remove the gallstones, and, therefore, failed to cure the patient as he had agreed to do, and damages resulted which he was required to pay. We are of the opinion, therefore, that the policy covered the liability, and that the appellant is entitled to recover the balance which he was required to pay under the judgment, which, according to the evidence, was $1,603.33.

The judgment of the trial court is therefore reversed, and the cause is remanded with instructions to enter a judgment against the respondent, in favor of the appellant, for $1,603.33.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.