NATHAN ZIVITZ and MORRIS HARTMANN, Copartners, Trading as the RELIABLE PANTS COMPANY, Respondents, *v.* MARY-LAND CASUALTY COMPANY, Appellant.

First Department, May 28, 1920.

Insurance — insurance against loss from burglary — provision that policy shall be void if conditions are changed without consent of insurer construed — changes made by landlord of insured subsequent to issuance of policy.

A clause in a policy of insurance against loss from burglary which in sub-stance provides that the policy shall be void if the conditions or circum-stances of the risk are changed without the written consent of the

company, should not be construed to mean that the policy is made void by reason of the fact that the landlord of the insured pursuant to the direction and requirements of a fire department removed certain iron shutters which could be fastened from the inside and which were in place when the policy was issued, and substituted therefor panes of heavy wire glass in window sashes, in which acts the insured did not participate. The insurer is liable upon its policy although said changes were made without its consent or knowledge, for a policy prepared by an insurance company must not be so construed as to work a forfeiture unless by clear and unambiguous language readily understandable by business men of average intelligence it was so intended.

CLARKE, P. J., and MERRELL, J., dissent.

APPEAL by the defendant, Maryland Casualty Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 27th day of October, 1919, affirming a judgment of the City Court of the City of New York in favor of the plaintiffs, and an order denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*James J. Mahoney* of counsel [*George J. Stacy* with him on the brief], for the appellant.

*Jerome A. Strauss* of counsel [*Milton S. Cohn* with him on the brief; *Max D. Steuer*, attorney], for the respondents.

LAUGHLIN, J.:

The recovery was on a policy of insurance against loss from burglary issued by the defendant to the plaintiffs on the 27th day of February, 1917. By the terms of the policy the defendant agreed, among other things, to indemnify the plaintiffs for a period, including the date of the loss in question, " for direct loss by burglary of any of the merchandise described in the schedule " thereto annexed " occasioned by its felonious abstraction from within the premises actually occupied by the assured and described in the schedule." The premises occupied by the plaintiffs and described in the schedule forming part of the policy consisted of a loft on the fourth floor of the building known as Nos. 733–735 Broadway in the borough of Manhattan, city of New York. Owing to the shortage of coal, incident to the World War conditions,

the plaintiffs were obliged to close their place of business at about two P. M. January 3, 1918, and between that time and the opening for business next day the premises were entered by burglars who obtained access by a fire escape on a court in the rear of the building and through a window of the premises opening onto the court which they opened by breaking a hole in the glass of one of the sashes opposite the catch and by inserting an instrument to push the catch back and they removed goods of the plaintiffs, the value of which is not controverted, covered by the policy.

The only point presented by the appeal arises on the defense predicated on subdivision 6 of the policy under the heading, " Agreements " which is as follows: " This policy shall be void if the conditions or circumstances of the risk are changed without the written consent of the Company, and shall be void if the Assured attempts in any way to defraud the Company, and shall be void if the policy is assigned without the written consent of the Company." The defendant after pleading these provisions in a separate defense further alleged therein that after the policy was issued and before the loss occurred the conditions and circumstances of the risk were changed in that " shutters  *  *  *  were removed from said windows  *  *  *  without the written consent of the defendant."

The evidence shows that at the time the policy was issued the windows were covered and protected by iron shutters which could be opened and closed and fastened on the inside to a bar running across the window, and that in the month of May, 1917, the iron shutters were removed and panes of heavy wire glass were inserted in the window sashes without the written consent of the defendant or its knowledge until after the loss, and the reasonable inference is — and the trial court so construed the testimony — that these changes were made, not by the plaintiffs, but by their landlord, pursuant to directions and requirements duly given and made by the fire department. The policy contained no provision requiring the plaintiffs to give notice to the defendant of any change in " the conditions or circumstances of the risk " other than may be inferred from the provisions of said subdivision 6. The plaintiffs occupied the premises during business hours

throughout the period and were aware of the fact that these changes had been made, but gave no notice to the defendant thereof. The premises were properly and securely closed at the close of business on the 3d of January, 1918.

The defendant showed, without objection, by the testimony of its own inspector, who inspected the premises preliminary to the issuance of the policy, and by the opinions of other witnesses, that these changes in removing the iron shutters increased the hazard of the risk.

At the close of the evidence, both parties, in effect, moved for a direction of a verdict and a verdict was directed in favor of the plaintiffs. The views expressed by the trial court in directing the verdict indicate that the verdict was directed on the theory that said subdivision 6 relates to changes *made by the insured* for which, on application, he might have obtained the written consent of the defendant or which written consent the defendant might have refused; and the opinion of the Appellate Term is to the effect that said subdivision 6 should be construed as relating to the conditions and circumstances specified in the schedule annexed to the policy consisting of statements of the assured therein designated as " Warranties." The statements which the plaintiffs warranted relate to the name under which they were doing business; their business and business address and the particular part of the premises occupied by them; to former losses by burglary and indemnities received therefor; to whether they kept a private watchman or had a burglar alarm attachment and would maintain it, to applications for and to other burglary insurance and to a description and value of their merchandise. The warranties clearly relate *to a continuance* of certain conditions if existing at the time; but contain no reference to the existing or the continuance of existing conditions with respect to the physical condition of the building or premises occupied by the plaintiffs. There is, therefore, I think, ground for the construction of subdivision 6 given by the Appellate Term, and on that construction, assuming that that is correct, it would be perfectly plain that the policy was not invalidated by the removal of the shutters without the written consent of the defendant; but since the defendant does not claim that it would be entitled to a reversal, if that construction be

given to the policy, it is unnecessary further to consider that point.

On the defendant's theory of the construction of the policy as disclosed by its answer and by the theory on which it defended and on which the appeal has been argued — the policy became void *ipso facto* the moment the iron shutters were removed and the plaintiffs would be without redress if their premises had been burglarized and their goods removed by burglars immediately thereafter, and in that event, under the terms of the policy, the plaintiffs would not even have been entitled to a refund of the unearned premium, so that they might have thus been deprived of the benefit of the insurance policy by the acts of a third party without their knowledge or consent the first night the policy was in force. I am unable to agree with that construction and I am of the opinion that under the well-settled rule of construction applicable to policies of insurance, prepared by the insurance companies, the policy must not be so construed as to work a forfeiture unless by clear and unambiguous language, readily understandable, not by judicial officers or trained experienced members of the bar, but by business men of average intelligence who have occasion to require such insurance, it appears that it was so intended. (*Paskusz* v. *Philadelphia Casualty Co.*, 213 N. Y. 22; *Syracuse Malleable Iron Works* v. *Travelers Ins. Co.*, 182 App. Div. 742.) Under that rule of construction I think that this policy was not invalidated by the action of the plaintiffs' landlord in carrying out the lawful directions of the local public authorities without any participation of the plaintiffs therein. It would, in my opinion, do violence to the rule of construction applicable to such policies to hold that the plaintiffs were under any obligation to give notice to the defendant of these changes even if the defense were predicated on that theory — which it is not. It certainly should not be held as a matter of law that a business man of average intelligence would understand that this policy, which is silent on the subject, required him to give notice to the defendant of such changes lawfully made in the premises by others; and if the construction of the policy presented a question of fact it was left to the trial court. If the defendant desired such notice it should by plain and unambiguous language have imposed on the insured

the duty of giving it.   By the express terms of the policy the defendant reserved to itself the right through an accredited representative to inspect the premises at all reasonable times and by notice to the plaintiffs to suspend the policy until the premises were made reasonably secure as required by its notice and the right to be relieved from liability during such period of suspension and until formal notice to the plaintiffs of its satisfaction with the condition of the premises.   I think in the circumstances, and in any view of the case, the defendant assumed the risk of any changes in the premises lawfully required to be made by the public authorities and made pursuant thereto by the landlord of the premises, without participation therein by plaintiffs.

It follows that the determination of the Appellate Term is right and should be affirmed, with costs.

SMITH and PAGE, JJ., concur; CLARKE, P. J., and MERRELL, J., dissent.

Determination affirmed, with costs.