JOSEPH SAFIAN, Appellant, *v.* ÆTNA LIFE INSURANCE COMPANY, Respondent.

First Department, December 20, 1940.

*Henry W. Fried* of counsel [*Morton Witzling* with him on the brief], for the appellant.

*T. Carlyle Jones* of counsel [*Daniel Miner*, attorney], for the respondent.

DORE, J. On this appeal appellant contends that a physician's liability policy indemnifying him against loss from claims for damages " on account of any malpractice, error or mistake com-

mitted" by the assured covers liability in an action for breach of contract to remove facial blemishes. On the material and relevant facts that are not in dispute, we think the Special Term properly denied the plaintiff's motion for summary judgment and granted defendant's motion, and that the judgment in defendant's favor should be affirmed.

The policy was issued in February, 1934. In November, 1935, one Hirsch, a patient of the insured, sued him for damages, alleging in his complaint an express agreement by the physician to remove certain markings from the patient's face and restore it to normal in consideration of the payment of $100, that after several operations, the abnormality was worse, and that " by reason of the violation of the agreement " on the doctor's part, the plaintiff therein was disfigured to his damage in the sum of $15,000. The insurance company notified the doctor it would not indemnify him for any recovery in the action if it was based upon any contract, guaranty or specific agreement in connection with the treatment of the patient. But as the doctor denied any contract to cure, the insurance company stated it would defend without waiving its rights. The company pointed out to the doctor that one of the statements in connection with the issuance of the policy was the representation made by him that he did not have in force and would not " enter into any special contract or agreement  *  *  * guaranteeing the result of any operation or treatment."

In the course of the trial of that action, the plaintiff therein moved to amend, adding an additional cause of action based on malpractice. The motion was granted but on defendant's motion that cause of action was dismissed on the ground that it was barred by the Statute of Limitations. The court charged the jury there was but one cause of action presented, namely, an action for breach of an alleged contract, pointing out that the plaintiff claimed the defendant promised, agreed and guaranteed to remove the scars. The jury rendered a verdict in plaintiff's favor for $4,000.

For an error in the court's charge, the judgment entered on that verdict was reversed by this court and a new trial ordered (*Hirsch v. Safian*, 257 App. Div. 212) in an opinion in which Mr. Justice COHN, writing for the unanimous court, stated: " Plaintiff, a salesman, sued defendant, a physician and surgeon, for damages arising out of a breach of contract," and said that the rule regarding the burden of proof showing a causal relation between the act of the defendant and the injury " must necessarily apply to a case such as this one involving a claim for damages for a breach of contract to cure. Plaintiff is permitted to recover only for damages which naturally and directly flow from the breach of the contract made between the parties." (Citing cases.)

The insurance company then pointed out to the insured that the action again tendered for its defense was characterized by this court as one involving a claim for damages for breach of a contract to cure, and refused to indemnify or defend. Thereafter, during a second trial of the case, the doctor settled for $1,250. He here sues the insurance company for this sum and an additional sum of $2,006 for expenses for counsel fees and services in prosecuting the appeal and defending the retrial.

In *Berman* v. *Ætna Life Ins. Co.* (256 App. Div. 916 [Feb. 1939]) this court, without opinion, affirmed a determination of the Appellate Term denying plaintiff's motion for summary judgment based upon the same group insurance policy. In that case, the doctor, who was covered by the same clause in the same policy, was sued in our Supreme Court by a patient to recover damages for malpractice; the action was dismissed without prejudice; and thereafter the same plaintiff sued in the United States District Court for the Southern District of New York for breach of contract, under the terms of which the doctor in consideration of $400 agreed and warranted that he would by operation remove plaintiff's facial disfigurements. The insurance company on receiving the Federal court summons and complaint denied coverage, reserved its rights, but furnished the defense. The jury brought a verdict in favor of the plaintiff against the doctor for $1,000. When the plaintiff failed to collect this from the doctor, he sued defendant in the City Court under section 109 of the Insurance Law. That court denied plaintiff's motion for summary judgment on the authority of *McGee* v. *United States Fidelity & Guaranty Co.* (53 F. [2d] 953) on the ground that the plaintiff's judgment against the insured was founded solely upon a claim of breach of an express contract which was not within the coverage of the policy. The determination of the Appellate Term affirming that ruling was affirmed by this court. (*Berman* v. *Ætna Life Ins. Co.*, 256 App. Div. 916.) Thereafter, defendant moved for summary judgment and its motion was granted, the Appellate Term affirmed (N. Y. L. J. Feb. 29, 1940, p. 939), and leave to appeal was denied. We think that case indicates the rule that is here applicable. The case of *Sutherland* v. *Fidelity & Casualty Co. of N. Y.* (103 Wash. 583; 175 P. 187) is not controlling.

In the *McGee* case (*supra*) the Circuit Court of Appeals for the First Circuit on similar facts held that the defendant's policy did not cover " liability under a special contract * * * to cure."

In this case no facts or circumstances establishing waiver or estoppel were established. Here, as in the *Berman* case, the basis of non-liability is not that the coverage was voidable by reason

of any breach of condition but that no insurance was ever issued or in existence covering a cause of action based upon a breach of contract to cure.

On reason as well as on authority, we think the orders appealed from should be affirmed. It should be obvious that insurance coverage for claims arising out of " malpractice, error or mistake," is clearly legally distinguishable from coverage for breach of contract. The legal duty, the breach of which is covered, is wholly different. If a doctor makes a contract to effect a cure and fails to do so, he is liable for breach of contract even though he use the highest possible professional skill. Insurance of such a contract could protect only medical charlatans. The honorable member of the medical profession is more keenly conscious than the rest of us that medicine is not an exact science, and he undertakes only to give his best judgment and skill. He knows he cannot warrant a cure.

The appellant seems to rely upon fragments of evidence in the first trial regarding errors or mistakes which the plaintiff said the doctor made or admitted that he made. What the evidence was and what the jury found in the first trial is not determinative of the issue here presented. The judgment entered on that verdict was reversed and the case remanded for a trial *de novo*. Defendant, the doctor, preferred to settle the case without submitting the issues to a second jury. That settlement was made on the plaintiff's claim that the doctor had breached his contract to cure. The insurance company gave no coverage for such a claim and is not answerable for any damages suffered by reason of a breach thereof.

The judgment and orders appealed from should in all respects be affirmed, with costs.

MARTIN, P. J., TOWNLEY and UNTERMYER, JJ., concur; COHN, J., dissents, and votes to reverse.

COHN, J. (dissenting). By the terms of the policy respondent insurance company, in consideration of the premium paid by appellant, who is a physician, agreed to indemnify him against loss and expense resulting from claims for damages on account of any malpractice, error or mistake committed or alleged to have been committed during the policy period. It is respondent's claim that as the action brought against appellant was for breach of contract, it was thereby relieved from liability regardless of the evidence of error or mistake submitted in support of the alleged claim. With such contention, I do not agree.

Had respondent sought to exclude liability for actions upon breach of contract causing damage arising out of mistake or error

it could have done so by expressing its intention clearly and unambiguously. The rule is well established that a contract of insurance prepared by an insurance company must be construed as favorably to the insured as its wording will permit. (*Syracuse Malleable Iron Works* v. *Travelers Ins. Co.*, 182 App. Div. 742; affd., 230 N. Y. 532.) The language of the coverage clause should be interpreted to avoid a forfeiture of the policy unless it clearly appears that a forfeiture was intended. (*Paskusz* v. *Philadelphia Casualty Co.*, 213 N. Y. 22.)

The complaint in the action brought by Hirsch, the patient, against the appellant, his physician, alleged that in violation of his contract to remove certain markings from the face of Hirsch, the appellant had performed various operations which resulted in extensive scars, discolorations and distortion of the mouth and face of Hirsch. The action resulted in a judgment for Hirsch entered upon a verdict of a jury after trial. Due to an error in the court's charge the judgment upon appeal was reversed and a new trial was ordered. (*Hirsch* v. *Safian*, 257 App. Div. 212.) When upon the second trial the respondent insurance company refused to defend the physician, the latter settled the suit brought by Hirsch. To recover the sum paid by appellant plus reasonable counsel fees and disbursements, this action was brought.

It appears from the testimony offered by Hirsch upon the first trial in support of his cause of action that the alleged breach of contract was predicated upon a mistake or error made by appellant in treating him. In the circumstances it is clear that the claim for damages is one against which respondent indemnified appellant.

The case of *Sutherland* v. *Fidelity & Casualty Co. of New York* (103 Wash. 583; 175 P. 187) is an authority directly in point. There, an indemnity clause almost identical with the one contained in the policy in this suit was before the court and the patient's action against the physician had been brought to recover damages for breach of contract. The insurance company contended, as does the respondent here, that the insurance policy did not cover the claim upon which the suit for breach of contract was brought against the physician. Nevertheless, the court held that the failure on the part of the physician to remove all gall stones from the patient as agreed, having been due to error or mistake, the physician was entitled to recover against the insurance company upon the ground that this was a risk covered by the policy of insurance. The court said (at p. 586): " The words *malpractice, error* and *mistake*, as used in this indemnity policy, do not mean necessarily the same thing. If they were so intended, it was an idle thing to insert more than the word *malpractice*. A physician may err or make a mistake

without being guilty of malpractice. This policy covers malpractice. It covers error, and it covers mistake in the practice of appellant's profession; and if liability flows from either, and he is required to pay damages on that account, we think it is plain that the policy here undertook to insure against such mistake or such error, as well as against malpractice."

For the foregoing reasons the orders and the judgment in favor of respondent should be reversed and the motion for summary judgment in favor of respondent should be denied, and the order denying plaintiff's motion for summary judgment should be reversed and summary judgment granted in favor of the plaintiff-appellant for the relief demanded in the complaint.

Judgment and orders affirmed, with costs.