Scileppi, J. (dissenting).
I cannot agree that appellant is not entitled to its pro rata share of $2,563, payable on the original coverage of $7,000.
In my view, the fact that the insured had increased its insurance coverage to $15,000 by adding an $8,000 rider to the original $7,000 policy, and then failed to pay the premium for the additional coverage, did not justify the cancellation of the entire policy for nonpayment of premiums. The original $7,000 policy and the $8,000 rider must be deemed separate and divisible. No new policy was issued when the insured sought increased protection; instead, respondent merely provided an endorsement and clearly indicated that an additional premium of $119 was required as a separate and distinct charge for additional and more comprehensive extended coverage after the issuance of the original policy. This was again recognized when respondent tendered its notice of cancellation. Although section 167-b of the Insurance Law, which requires that the insurer give the insured its reason for cancellation, was not in effect at the time, respondent chose to state that its cancellation was motivated by nothing more than the failure to pay the additional premium. Contrary to the views expressed by the majority in this court and in the Appellate Division, this statement is entitled to great weight in the resolution of the litigation before us. Since respondent had received and accepted the premium for the original policy, it could not cancel that coverage for that reason. It had already been paid. Consequently, the effect of the cancellation should be limited to the additional coverage which had been sought, but not paid for.. A different conclusion is unwarranted and unjust where, as here, respondent has been paid in full for the initial coverage. To allow respondent to cancel the entire policy “ would be tantamount to a forfeiture, a result *302 which the law abhors (Zivitz v. Maryland Cas. Co., 192 App. Div. 83; Press Pub. Co. v. General Ace. Fire & Life Assur. Corp. of Perth, Scotland, 160 App. Div. 537, affd. 217 N. Y. 648), particularly when it is remembered that in construing the terms of an insurance policy it will be given that construction which is most favorable to the insured (Matter of Vanguard Ins. Co. [Polchlopek], 18 N Y 2d 376; Matter of Ashey [General Acc. Fire & Life Assur. Corp.], 30 A D 2d 632).” (Matter of Nationwide Mut. Ins. Co. [Mason], 37 A D 2d 15, 20; see, also, Rosenthal v. Security Mut. Ins. Co. of N. Y., 28 N Y 2d 697, affg. 33 A D 2d 1041). Surely, if instead of endorsing the original policy, a separate policy for $8,000 had been issued, the failure to pay the premium on this additional policy would not affect the coverage under the original policy. The fact that the policy was increased by $8,000 under an endorsement, should not, in my opinion, require a different result.
Accordingly, the order appealed from should be reversed and appellant’s motion for summary judgment granted.
Chief Judge Fuld and Judges Burke, Bergan, Breitel and Gibson concur with Judge Jasen ; Judge Scileppi dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.