TOUCHETTE CORPORATION et al., Respondents, v MERCHANTS MUTUAL INSURANCE COMPANY, Appellant.

Fourth Department, July 10, 1980

8

## APPEARANCES OF COUNSEL

*Coulter, Fraser, Ames, Bolton, Bird & Ventre (P. David Twichell* of counsel), for appellant.

*Costello, Cooney & Fearon (Charles E. Cooney, Jr.,* of counsel), for Touchette Corp., respondent.

*Roemer & Featherstonhaugh (E. Guy Roemer* of counsel), for CSEA, respondent.

## OPINION OF THE COURT

SIMONS, J. P.

Plaintiff Touchette Corporation is in the data processing business. In 1971 it executed a contract with plaintiff Civil Service Employees Association (CSEA) by which it agreed to provide CSEA with such services. Thereafter, in 1975 CSEA sued Touchette for $1,500,000 damages arising allegedly from Touchette's failure to perform the contract, contending that Touchette failed to maintain an accurate list of subscribers to the *Civil Service Leader,* the CSEA newspaper, failed to design and implement a satisfactory system to notify employers of employee dues deductions, failed to balance the accounts of CSEA promptly, and failed to design and implement various other data processing systems as it had agreed to do. The contract further provided that any liability of Touchette for general money damages to CSEA under it would be limited to $1,000,000 and that Touchette would obtain insurance in at least that amount. Touchette did so, purchasing an errors and omissions policy from defendant Merchants Mutual Insurance

Company, and the issue in this declaratory judgment action is the obligation of Merchants under that policy to defend and indemnify Touchette in the CSEA action.

Defendant's policy with Touchette provided for coverage: "To pay on behalf of the Insured all sums which the Insured shall become *legally obligated to pay* as damages *on account of any claim* against the Insured and *caused by any negligent act, error or omission of the Insured* arising out of the performance of data processing services for others" (emphasis added).

Inasmuch as CSEA's original complaint asserted causes of action both in negligence and contract, Merchants undertook defense of the case. Shortly thereafter, Touchette commenced a countersuit against CSEA alleging breach of contract and CSEA moved to consolidate the two actions. Merchants then cross moved to dismiss the negligence cause of action in the CSEA complaint. Special Term granted both motions and in doing so held that since Touchette had no duty to CSEA independent of the contract, CSEA had no cause of action based upon tort (see *Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382, 395). With the case in that posture, claims by the parties against each other seeking relief only for breach of contract, Merchants disclaimed any obligation to Touchette under the provisions of its policy. This action was instituted in 1976 seeking a declaration that Merchants was obligated to defend and indemnify Touchette in the CSEA action or, in the alternative, that Merchants was estopped from denying coverage because of its late disclaimer. Both parties moved for summary judgment. Special Term granted Touchette's motion, striking defendant's counterclaims in the process, and denied defendant's motion.

Merchants contends that its policy does not extend coverage to breach of contract actions which allege negligent conduct as the basis of the breach but even if it does, it claims Special Term's prior unappealed order dismissing CSEA's negligence cause of action forecloses a finding of a breach based upon negligent conduct.

Whether an insurer has a contractual obligation to defend an action against its insured is a determination of law to be made by comparing the allegations of the complaint with the provisions of the insuring agreement. "The duty to defend arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk

covered by the policy" (*J. G. A. Constr. Corp. v Charter Oak Fire Ins. Co.,* 66 AD2d 315, 318; see, also, *Grand Union Co. v General Acc., Fire & Life Assur. Corp.,* 254 App Div 274, 280, affd 279 NY 638). In deciding the issue, the court must construe the insurance policy most favorably to the insured bearing in mind that the insurer's duty to defend is broader than its duty to indemnify (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148, 154; *Kincaid v Simmons,* 66 AD2d 428). A declaration that there is no duty to defend can be made only if the court can conclude as a matter of law that there is no factual or legal basis on which the insurer might eventually be held obligated to indemnify under any provision of the policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875; *J. G. A. Constr. Corp. v Charter Oak Fire Ins. Co., supra*).

Merchants contends that since the policy insures only against "negligent act[s], error[s] or omission[s]" and since CSEA's negligence cause of action has been dismissed, it owes no duty to Touchette under the policy. It is not the form of the pleading which determines coverage, however, it is the nature of the insured's conduct and nothing in the language of the policy suggests that claims are to be covered only if sued in negligence. Merchants agreed to indemnify Touchette for all sums it is "legally obligated" to pay because of its "negligent act[s], error[s] or omission[s]", and if Touchette's conduct comes within this defined risk, it is no less "legally obligated" to pay an award in a contract action than in a tort action. The gist of CSEA's complaint, as it stands after Special Term's ruling, is that Touchette attempted to perform the agreement but did not succeed in rendering the promised performance, i.e., that Touchette "negligently failed to properly perform * * * [various] data processing services." If the proof establishes that the breach was occasioned by a negligent failure to perform, the errors and omissions policy unquestionably provides coverage (see *Lord Elec. Co. v Barber Asphalt Paving Co.,* 226 NY 427, 432; cf. *Drew Chem. Corp. v Fidelity & Cas. Co. of N. Y.,* 96 Misc 2d 503, affd 60 AD2d 552, affd 46 NY2d 851). If the failure to perform arises from some other cause coverage may not be available but that determination will have to await the trial of the action (see *Cordial Greens Country Club v Aetna Cas. & Sur. Co.,* 41 NY2d 996). It cannot be decided solely upon a finding that Touchette's duty arises

from contract rather than from general tort principles. The insurance was purchased by Touchette to protect it from its own failures and if it does not provide coverage under the circumstances alleged in the complaint, it is difficult to imagine what risk the policy does cover.

Merchants cites three malpractice cases construing language similar to that found in its policy for the proposition that the words "negligent act, error or omission" are intended to exclude coverage for damages arising from breach of contract (see *Safian v Aetna Life Ins. Co.,* 260 App Div 765, affd 286 NY 649; *Strauss v New Amsterdam Cas. Co.,* 30 Misc 2d 345; *McGee v United States Fid. & Guar. Co.,* 53 F2d 953). Preliminarily, it should be noted that in two of those cases *(Strauss* and *McGee)* the breach in issue did not arise from the insured's negligent conduct. But further than that, professional malpractice policies involving personal injury claims have historically been viewed in a different light than errors and omissions policies generally because in professional malpractice cases the common-law duty of care and the contractual duty of care are essentially the same. Therefore, claimants, absent a special contract between the parties and largely for reasons involving the Statute of Limitations,* have been restricted to a tort remedy (see *Carr v Lipshie,* 8 AD2d 330). Even so, and this general rule notwithstanding, there are later contrary decisions which have held that in medical malpractice cases coverage questions arising under policies insuring against substandard performance should be based upon the nature of the defendant's conduct not the form of the pleading, inhibited only by the concern that the court should not adversely expand the risk insured (see *Squires v Hayes,* 13 Mich App 449; *Sutherland v Fidelity & Cas. Co. of N. Y.,* 103 Wash 583; see, also, 7A Appleman, Insurance Law and Practice [Berdal ed], § 4503, pp 304-306).

Next, Merchants contends that even if its errors and omissions policy provides coverage in actions sounding in contract, Special Term's order dismissing CSEA's negligence action precludes a finding of negligent conduct here. The court did not decide any factual issue in that proceeding, however. It determined only that CSEA had no duty of due care implied

---

* It may well be that in the future professional malpractice insurance will no longer be considered as only tort insurance in view of recent related decisions in this area not involving personal injuries (see *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669).

by law, i.e., in tort, that was separate and distinct from its contractual obligation to perform with due care (see *Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382, 395, *supra; Charles v Onondaga Community Coll.,* 69 AD2d 144; *Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172; Prosser, Torts [4th ed], § 92, pp 613-618).

It may be that the proof at trial will demonstrate that the breach was not covered by culpable conduct insured under the policy. If that be so, Merchants has no obligation to indemnify Touchette for its loss for we are unable to find a basis for an estoppel against it.

The general rule provides that when an insurer assumes the defense of an action on behalf of the insured, with knowledge of facts constituting a defense to the coverage of the policy and without disclaiming liability or giving notice of a reservation of its right to deny coverage, it may be estopped from later asserting that the policy does not cover the claim. Prejudice to the insured must be established, but proof of prejudice may be implied where the insurer has complete control of the defense (see *Moore Constr. Co. v United States Fid. & Guar. Co.,* 293 NY 119, 123-124; *O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347, 355; *Kearns Coal Corp. v United States Fid. & Guar. Co.,* 118 F2d 33, cert den 313 US 579). It follows from our order directing Merchants to defend Touchette in the contract action, however, that there can be no prejudice to the insured by the insurer's disclaimer (see *McGee v United States Fid. & Guar. Co.,* 53 F2d 593, *supra; cf. Moore Constr. Co. v United States Fid. & Guar. Co., supra).* The case is not yet on the Trial Calendar and apparently it is not ready for trial. Whether there is a policy obligation to indemnify Touchette on CSEA's claim will have to await the outcome of that action, but the mere fact of Merchants disclaimer is not sufficient to estop it, thereby creating insurance where none may exist on the policy as written (see *Drew Chem. Corp. v Fidelity & Cas. Co. of N. Y.,* 60 AD2d 552, affd 46 NY2d 851, *supra).*

The order should be modified by amending the second ordering paragraph to provide that plaintiff Touchette's motion is granted to the extent of ordering the insurer to defend its insured in the underlying action brought by CSEA and the motion is otherwise denied, and, as modified, the order is affirmed.

HANCOCK, JR., SCHNEPP, CALLAHAN and MOULE, JJ., concur.

Order unanimously modified, and, as modified, affirmed, without costs, in accordance with opinion by SIMONS, J. P.