806 F.2d 1541
 CINCINNATI INSURANCE COMPANY, Plaintiff-Appellee,
v.
METROPOLITAN PROPERTIES, INC., a corporation, and Raymond
Gotlieb, an individual, Defendants-Appellants,
The City of Birmingham, a municipal corporation, Defendant.
 No. 86-7257.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 31, 1986.
 
 W. Eugene Rutledge, Rutledge & Kelly, P.C., Kay S. Kelly, Birmingham, Ala., for defendants-appellants.
 Lee E. Bains, Jr., Maynard, Cooper, Frierson & Gale, P.C., N. Lee Cooper, Birmingham, Ala., for City of Birmingham.
 Stanley A. Cash, Huie, Fernambucq and Stewart, Birmingham, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL and FAY, Circuit Judges, and MORGAN, Senior Circuit Judge.
 MORGAN, Senior Circuit Judge:
 
 
 1
 Appellant Metropolitan Properties, Inc. (hereinafter Metropolitan) purchased a multi-peril insurance policy from Cincinnati Insurance Co. (hereinafter Cincinnati), which covered Metropolitan for, among other things, "any claim made against the insured and caused by any negligent act, error or omission of the insured." Also included was an exclusion provision stating that the policy would not cover "any dishonest, fraudulent, criminal or malicious act, libel or slander."
 
 
 2
 On September 30, 1981, Metropolitan contracted with the City of Birmingham (hereinafter the City) to redevelop an area in downtown Birmingham known as Block 60. Metropolitan was to purchase the property, clean it of all existing structures, and develop a mixed use project consisting of a residential building, an office building, and all necessary support facilities. The contract provided that Metropolitan "use its best efforts to acquire, or obtain options to acquire, all of the real property contained in Block 60." The City agreed to acquire by condemnation all property interests in Block 60 which Metropolitan failed to obtain. Furthermore, if Metropolitan breached the contract after the City commenced condemnation action, Metropolitan would pay $250,000.00 as liquidated damages. This would be secured by delivering a letter of credit or a surety bond in that amount either at the time the City commenced condemnation actions or upon the commencement of any suit challenging the authority of the City to acquire the property by eminent domain. Finally, Metropolitan agreed to give the City at least thirty days notice of the expiration of any option to purchase property in Block 60 should Metropolitan be unable to go through with the purchase.
 
 
 3
 On October 5, 1981, a lawsuit was filed in the Circuit Court of Jefferson County, Alabama, styled Tutwiler Drug Company, Inc. v. The City of Birmingham, et. al., Civil Action No. CV-81-504-897-JDC. This case challenged the City's right to acquire Block 60 by eminent domain. Accordingly, the City demanded a letter of credit from Metropolitan in order to secure the aforementioned liquidated damages in the event Metropolitan should subsequently breach the contract. Metropolitan refused. By March 30, 1982, Metropolitan had contracted to acquire or had purchased options to acquire only thirty percent of the property located on Block 60. Eventually all negotiations between the City and Metropolitan failed, and the entire purchasing agreement collapsed. Metropolitan brought suit against the City, and the City counterclaimed against Metropolitan and Raymond Gotlieb, a Metropolitan employee, alleging two counts of breach of contract and a third count of fraud. Metropolitan requested Cincinnati to defend the counterclaim and to indemnify them for any losses incurred through trial or settlement.
 
 
 4
 Cincinnati filed for declaratory relief against Metropolitan and Gotlieb in the United States District Court for the Northern District of Alabama. Cincinnati claimed that its policy covered only negligent liability, not breach of contract, and that fraud was expressly excluded in the policy. Subsequently, Cincinnati filed for summary judgment requesting the court to find that Cincinnati had no duty to defend or indemnify Metropolitan for the counts pled in the City's counterclaim.
 
 
 5
 The district court found that (1) Metropolitan and Gotlieb were "insureds" under Cincinnati's policy, (2) Cincinnati had no duty to defend or indemnify Metropolitan or Gotlieb in the breach of contract actions asserted in the first two counts of the City's counterclaim, (3) Cincinnati had no duty to defend or indemnify claims stated in count three that were "predicated upon a fraud perpetrated by misrepresentations made willfully to deceive or made recklessly without knowledge of the truth," and (4) Cincinnati did have a duty to defend and indemnify Metropolitan and Gotlieb on claims in count three "predicated upon fraud perpetrated by misrepresentations made innocently by mistake." Both Metropolitan and Gotlieb challenge the district court's decision.
 
 
 6
 The first two counts of the City's counterclaim may be discussed together as they both assert claims of breach of contract against Metropolitan. Count one claims that Metropolitan breached the contract by not purchasing the property and that it subsequently "failed or refused to cure its default." Count two charges Metropolitan with failing "to use its best efforts to maintain all options and contracts to purchase in full force and effect and failed to give the City at least 30 days prior notice of the expiration of the options and contracts to purchase which it was unable to extend or keep in full force and effect." Appellants' main contention is that the City's use of language such as "failed or refused to cure" or "failed to use its best efforts" (emphasis added) involves a genuine issue of material fact that Metropolitan was negligent, and therefore Cincinnati is bound to defend and indemnify Metropolitan for this negligent conduct. We do not agree that such an issue is present and affirm the district court's grant of summary judgment.
 
 
 7
 At first glance, Alabama law seems to favor the appellant. Exceptions and limitations contained in insurance policies should be strictly construed against the insurer so as to provide maximum coverage for the insured. Employers Ins. Co. of Ala. v. Jeff Gin Co., 378 So.2d 693 (Ala.1979). Furthermore, the duty of an insurance company to defend its insured is greater than its duty to pay. Ladner & Co. v. Southern Guar. Ins. Co., 347 So.2d 100 (Ala.1977). Therefore, if there are any valid differences of opinion concerning interpretations of the insurance policy, the appellant-insured should be given the benefit of the doubt.
 
 
 8
 Appellant contends that even though the City alleged breach of contract, Metropolitan's actions leading to the breach were negligent and therefore covered by the policy. Appellant cites to case law stating that a breach of contract can and frequently does occur as a result of a negligent act, error or omission. Morgan v. South Central Bell Tel. Co., 466 So.2d 107 (Ala.1985). Relying on a New York case, appellant argues that the key to determining coverage is not the form of the pleading, but the nature of the insured's conduct. Touchette Corp. v. Merchants Mut. Ins. Co., 76 A.D.2d 7, 429 N.Y.S.2d 952 (1980). Therefore, according to appellant, the court must go beyond the breach of contract provisions to see if the cause of the breach was negligence.
 
 
 9
 We do not agree with the appellant's proposed application. As fleshed out in oral argument, appellant contends that any damages incurred by the insured through some "negligent" action is coverable. For example, appellant admitted that if Metropolitan forgot to pay its bills, this would be negligent conduct and Cincinnati might be liable if causation were proved. Appellant is interpreting "negligent" in general terms synonymous with careless or slack. We agree with the appellee that the word "negligent" as used in the policy should be interpreted in legal terms. Generally, the traditional elements of negligence are (1) a legal duty requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure to adhere to this reasonableness standard; (3) a causal connection between the conduct and the injury; and (4) actual loss or damage. W. Prosser, Handbook of the Law of Torts 143 (4th ed. 1971). Appellee is correct in arguing that if appellant has breached any duty, it is one created by contract, not by law.
 
 
 10
 We must also remember that this appeal challenges the district court's grant of summary judgment against the appellant. Summary judgment is appropriate if the record reveals "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although the movant has the burden of proof for said motion to be granted,
 
 
 11
 an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 12
 Fed.R.Civ.P. 56(e). Therefore, to win an appeal, the appellant must have made some original showing of negligent actions by Metropolitan. Although appellee did present allegations in the City's counterclaim showing that Metropolitan willfully refused to offer a letter of credit for the agreed upon liquidated damages[1] and that the "best efforts" provisions in the contract are standard contract clauses that have nothing to do with legal negligence, appellant has presented no evidence of his own. Appellant would have us assume that despite inquiries and warnings by the City, Metropolitan carelessly forgot to make the requisite purchases, and that this conduct breached a legal as well as a contractual duty to the City. Case law holds that contentions which are based on mere speculation and conjecture are consequently impermissible. Ferguson v. National Broadcasting Co., 584 F.2d 111, 113 (5th Cir.1978); Lee v. Celotex Corp., 764 F.2d 1489, 1492 (11th Cir.1985). Accordingly, we agree with the district court's decision that the Cincinnati insurance policy does not cover Metropolitan on the first two counts of the City's counterclaim, and Cincinnati is under no duty to either defend or indemnify Metropolitan on these claims.
 
 
 13
 The district court's decision concerning the third count of the City's counterclaim should also be affirmed. Count three alleged that Metropolitan's representative, Gotlieb, fraudulently misrepresented to the City of Birmingham certain facts about Metropolitan's financial ability to close on the final contracts purchasing all of Block 60. Cincinnati claimed that there was no duty to defend or indemnify Metropolitan on count three due to its policy exclusion of fraudulent activity. The district court very narrowly interpreted this fraud exclusion and determined that only willful or reckless fraud was not covered, and that fraud perpetrated by misrepresentations made innocently by mistake was not excluded.[2]
 
 
 14
 Appellant contends that without a full trial no distinction can be made between what kinds of fraud are involved in this case, and consequently summary judgment was wrong. Once again, it must be stressed that the appellant has to show facts establishing that there is some issue that warrants a full trial. He has not done that in this case. Appellant's circular argument that the district court should have allowed a trial at which the appellant would introduce facts showing that a trial was originally necessary is basically an attempt to defeat the purpose of summary judgment actions.
 
 
 15
 Appellant argues that the district judge erred in rewriting the policy exclusion to exclude coverage for only certain types of fraud. This argument is without merit. If the district court had taken the Alabama statutory definition of fraud at face value, any fraudulent conduct either willful or made by mistake would be excluded and Cincinnati would be exonerated of any duty to defend or indemnify Metropolitan for count three of the City's counterclaim. Therefore, absent any cross-appeal on this issue from the appellee, the district court must be AFFIRMED.
 
 
 
 [1]
 Paragraph 3 of the City's counterclaim states that:
 [o]n December 14, 1981, the City demanded, pursuant to Paragraph 20(a)(2) of the agreement that Metropolitan furnish to the City a letter of credit or surety bond in the amount of $250,000.00 in order to secure liquidated damages in that amount in the event Metropolitan were to subsequently breach the agreement. On December 23, 1981, Metropolitan advised the City that it refused to furnish such a letter of credit or a surety bond as it was required to do under Paragraph 20(a)(2). (Emphasis added).
 
 
 [2]
 Under Alabama law, "[m]isrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently acted on by the opposite party constitute legal fraud." Ala.Code Sec. 6-5-101 (1975)