SARAH BLOOM, Respondent, *v.* GEORGE DICKER, Appellant, Impleaded with FRANCES DICKER, Defendant.

Supreme Court, Appellate Term, First Department, December, 1922.

Pleading — Municipal Court — necessity for written pleadings — bill of particulars — action by tenant against his predecessor — misrepresentation as to rents paid by subtenants — expenses of summary proceedings — failure to state or prove definite cause of action.

Simply indorsing the words " action for damages " upon a summons served without a written complaint is not a sufficient statement of the nature and substance of the cause of action required by section 78 of the Municipal Court Code.

Defendant to an oral complaint orally interposed a general denial and although the plaintiff did not contend, either at the trial or upon an appeal taken from a judgment in his favor, that the bill of particulars filed on demand of said defendant set forth a complete cause of action, the defendant raised no objection thereto. At the opening of the trial said defendant requested plaintiff's counsel to state his complaint on the record unless it was fully stated in the bill of particulars. The trial justice though it was within his power to compel plaintiff to state her cause of action in such form that the court could determine whether the proof of the facts which plaintiff claimed to exist would constitute a cause of action, held that the plaintiff could not be compelled, at that time, to comply with defendant's request nor could defendant move to dismiss the complaint as embodied in the bill of particulars. In this situation the plaintiff proved that during the last month of defendants' tenancy of premises now leased to plaintiff the defendants either at the request of their subtenants or for some other reason which defendants were not allowed to show, gave to all their subtenants a receipt for rent in a less amount than defendants actually received. In addition, plaintiff showed that after she went into possession under her lease a number of the subtenants refused to pay the rental at the same amount as they had been previously paying, as shown on a list which defendants had prepared and given to the owner of the premises. Summary proceedings to dispossess the subtenants resulted in plaintiff, as landlord, obtaining final orders in her favor for the non-payment of the amount of rent specified in said list. The trial justice awarded judgment to plaintiff for the amount of her expenses in maintaining the dispossess proceedings. *Held,* error; the trial justice should have dismissed the complaint and judgment is reversed and the complaint dismissed.

APPEAL by one of the defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, rendered in favor of the plaintiff after a trial before the court without a jury.

*Breitbart & Breitbart (Gilbert Ray Hawes, of counsel), for appellant.*

*Leo Schafran,* for respondent.

LEHMAN, J. The plaintiff commenced this action by the service of a summons without a written complaint. Upon the summons were indorsed the words " action for damages," which is obviously not a sufficient statement of the nature and substance of the plaintiff's cause of action required by section 78 of the Municipal Court Code. The defendant appeared and interposed an oral general denial with a demand for a bill of particulars. A bill of particulars was thereafter filed, and the defendant raised no objection to it, but at the opening of the trial requested the plaintiff's counsel to state his complaint on the record, unless it was fully stated in the bill of particulars. Ordinarily the function of a bill of particulars is merely to amplify a complaint, but where a bill of particulars " of the complaint " is demanded under section 78, subdivision 7, of the Municipal Court Code, and no complaint has been served and no facts constituting a cause of action have been indorsed on the summons, it is the function of the bill of particulars to state all the facts which constitute the plaintiff's cause of action. In the present case the bill of particulars fails utterly to show any cause of action against the defendants. The bill alleges in effect that the plaintiff on the 1st of May, 1921, entered into possession of certain premises under a lease in writing and subject to certain monthly tenancies " and rentals, a list of which the defendants have given to Leah Solomon, the owner in fee of said premises and the landlord of the plaintiff herein, and which rentals were then existing at the time of the execution of said lease." The defendants were the previous lessees of the premises, and their lease expired at the time when the plaintiff's lease began. The only part of the bill of particulars which could by any possibility be interpreted as an attempt to state a cause of action is as follows:

" 4. That before the expiration of the defendants' lease as aforesaid, the defendants, knowing the plaintiff to succeed them as the lessees of the said premises from May 1, 1921, and intending to injure her financially, gave to the tenants of the said premises receipts for the month of April, 1921, in a lesser amount than what the tenants were paying and did pay.

" 5. That by reason of the defendants' conduct the plaintiff herein was damaged as follows:

" May 10, 1921, 3 dispossess proceedings at $3.

" May 27, 1921, 19 dispossess proceedings, $57.

" Attorneys' fees, $100."

Although the plaintiff did not either at the trial or upon this appeal contend that the bill of particulars sets forth a complete cause of action, yet the trial justice held that the plaintiff could not be compelled at that time to state on the record his complaint, nor could the defendant move to dismiss the complaint as embodied in the bill of particulars. It would serve no purpose to discuss here the power of the trial justice to dismiss a " complaint " at the trial because a bill of particulars of the complaint does not state facts sufficient to constitute a cause of action. The court can undoubtedly compel the plaintiff to state his cause of action in such form that the court can decide whether proof of the facts which plaintiff claims exist would constitute a cause of action against a defendant.

The failure of the trial justice to take that course upon the trial here under review has resulted in the following situation: The plaintiff has proven facts alleged in the complaint, to wit, that during the month of April, the last month of defendants' tenancy of the premises now leased to the plaintiff, the defendants either at the request of their subtenants or for some other reason which the trial justice did not permit the defendants to show, gave a receipt to all their subtenants for rental received at a lesser amount than the defendants actually received. She showed in addition that after the plaintiff took possession under her lease on May first, some twenty-three subtenants refused to pay the rental at the same amount as they had been previously paying, which amount was shown on a list which the defendants had prepared and given to the owner of the premises. After such refusal by the subtenants dispossess proceedings were brought against them, which resulted in this plaintiff as landlord obtaining final orders for the non-payment of the amount of rent specified in the list. Upon these facts the trial justice has given the plaintiff judgment for the amount of her expenses in maintaining the dispossess proceedings. The plaintiff's attorney even upon this appeal is unable to point out the nature of his claimed cause of action against the defendants, except that it is for " wanton and willful injury to the plaintiff's property," but he fails to show either by reason or precedent how the mere giving of a receipt by a previous lessee to his subtenants for an amount less than was actually received by him as rental could lead naturally to

damages to the subsequent lessee for which an action may be maintained.

I believe that it could well be argued that the tendency not only of modern legislation but of judicial decisions is to enlarge constantly the field of cases where damages can be obtained for injury caused by an act which though otherwise lawful was performed for the sole purpose of injuring another, or in other words, the field of causes of action where the presence or absence of actual malice determines the question of the lawfulness of the act. It may be that if the plaintiff could allege and prove that the defendants maliciously instigated the subtenants to refuse to pay to the plaintiff their usual monthly rent, or that they gave them receipts purporting to show a lesser rental than they were actually paying in order to assist them to deceive the court in case the amount of their monthly rental became the subject of litigation, such facts would constitute a cause of action in favor of the plaintiff against the defendants, but until such facts are pleaded and proven, this court should not pass upon their sufficiency. All that the plaintiff has pleaded in this case is that such receipts were given and all that she has proven is the same fact, though there is also some evidence that at the time these receipts were given the defendants did feel ill will to the plaintiff, and that thereafter the subtenants did refuse to pay their previous monthly rental; but even these additional facts are entirely insufficient to show (1) that the defendants gave the receipts to their subtenants merely to injure the plaintiff, for there are possible reasons which would have justified such an act and which the defendants were not permitted under the plaintiff's objection and the court's rulings to testify to, and (2) that the giving of these receipts was the cause of the subtenants' refusing to pay their previous monthly rental to this plaintiff after she leased the entire premises, for subtenants might refuse to pay their previous monthly rent to a new tenant in the hope of obtaining some advantage to themselves; and there is no evidence to show even that they denied, either in or out of court, the amount they previously had been paying on their monthly rentals, or that the receipt given by the defendants was produced to make good any claim to this effect on their part. For these reasons the trial justice should have dismissed the complaint.

Judgment reversed, with thirty dollars costs to appellant, and complaint dismissed, with costs.

McAVOY and WAGNER, JJ., concur.

Judgment reversed.