[No. 27109. Department One. July 29, 1938.]
LEAH COWEN LAUX, *Appellant,* v. GEORGE S. WOOD-
WORTH *et al., Respondents.*[1]

*H. E. Foster,* for appellant.

*Ballinger, Hutson & Boldt,* for respondents.

MAIN, J.—In the complaint in this case there are two
causes of action, separately stated. A demurrer was
interposed to each, and was overruled as to the first
and sustained as to the second. The trial was to the
court without a jury, and resulted in findings of fact
from which it was concluded that the plaintiff was

[1]Reported in 81 P. (2d) 531.

entitled to recover on the first cause of action. From the judgment entered in her favor in the sum of $144.79, and interest, she appeals.

No statement of facts or bill of exceptions has been brought to this court. The case is here upon the findings alone. These will be briefly summarized.

George Woodworth is an attorney at law, and will be referred to as though he were the only party respondent. On or about September 16, 1935, the appellant had pending in the superior court of King county an action which had gone to final judgment, and her then attorney had perfected an appeal to this court. After the appeal had been thus perfected, the respondent was employed to appear for and on behalf of the appellant. She caused duplicate copies of the statement of facts to be prepared and delivered to the respondent. She also paid him one hundred dollars for services and advanced the costs for the clerk's transcript and the printing of the brief. The respondent did not file the statement of facts within the time limited by law, and it was subsequently stricken on motion made in this court. He gives as a reason for not filing the statement in time that it contained "matters of obscenity and vulgarity," and that, in his opinion, the statement of facts would not have aided the appellant upon that appeal.

By the appellant's first cause of action, she seeks to recover from the respondent the moneys advanced, and other expenses for which she had obligated herself, which were incidental to the appeal. By the second cause of action, she seeks to recover the sum of five thousand dollars as general damages.

It is apparent that the reason given by the respondent for not filing the statement of facts in time is entirely without merit. In the course of his employment, it was his duty to file the same in time so that it

might be considered upon the appeal. There is nothing in the findings as to the amount which the appellant had obligated herself to pay in connection with the appeal other than the specific sums mentioned. This being true, and the case being here upon the findings only, the judgment upon that cause of action must be sustained.

As to the second cause of action, the one for general damages, without repeating the phraseology, there are numerous statements in it to the effect that the appellant was deprived of her right to have important questions under the evidence reviewed upon the appeal; that the case could not be properly presented without a statement of facts; and that, by reason of the negligence of the respondent, she was prevented from having the merits of the litigation reviewed. There is no charge that, had the statement of facts been filed in time and been available for consideration by this court, the appellant could, or would, have obtained a result upon that appeal more favorable to her than she did, which was an affirmance of the judgment. Without such an allegation, the second cause of action was defective, and the demurrer was properly sustained. 3 Am. & Eng. Encyclopaedia of Law (2d ed.), 391; *Priest v. Dodsworth*, 235 Ill. 613, 85 N. E. 940, 14 Am. & Eng Ann. Cas. 340; *Pennington's Executors v. Yell*, 11 Ark. 212, 52 Am. Dec. 262.

The judgment will be affirmed.

STEINERT, C. J., GERAGHTY, HOLCOMB, and SIMPSON, JJ., concur.