ANDREW McCARTY, Appellant, *v.* PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator, etc., of GEORGE BARTON, Deceased, Respondent.

First Department, December 19, 1941.

*Phillip S. Rivlin* of counsel [*Martin N. Whyman* with him on the brief; *James H. Callahan*, attorney], for the appellant.

*Joseph A. Cox* of counsel [*Joseph T. Arenson* with him on the brief; *Joseph A. Cox*, attorney], for the respondent.

PER CURIAM. There is no identity between the cause of action asserted in the complaint and the issues decided in the earlier proceeding in the Surrogate's Court. The complaint asserts a cause of action for the reasonable value of services rendered to the deceased. The proceeding in the Surrogate's Court adjudicated that certain passbooks and cash were not given by the deceased to the plaintiff as a gift *inter vivos* nor as a gift *causa mortis* to compensate. him for his services. That fact would not prevent recovery for the value of the services.

The measure of damages in the present action is the reasonable value of the services performed by the plaintiff at the request of the deceased. It is true that the plaintiff's bill of particulars proceeds also on the theory that the plaintiff may recover on account of the failure of the deceased to make a gift or bequest of his property to the plaintiff. These allegations, however, may be treated as surplusage and the plaintiff limited to the proper measure of damages.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.