Patrick J. Picariello, J.
This is an action brought by plaintiff, an attorney at law, to recover on a policy insuring him against all amounts which he became legally obligated to pay as damages resulting from a claim made against him arising out of the performance of professional services.
The decisive facts in this lawsuit are not in dispute.
Plaintiff, in the course of rendering legal services to and/or for one Alexander G-ariphallon, prepared an agreement pursuant to which the said Gariphallon placed $2,000 in escrow with one Pierce, the other party to the said agreement. When Gariphallon demanded the return of said escrow money, which *346 demand was refused, he, Gariphallon, commenced an action against both the plaintiff and Pierce. That action, instituted in this court, was commenced by the service of a copy of the summons and oral complaint upon the plaintiff, said oral complaint reading as follows: “Plaintiff, pursuant to a written agreement placed certain monies $2000) in escrow with the defendants; in accordance with the terms of the agreement plaintiff duly demanded the return of his monies held in escrow and was refused. Wherefore plaintiff demands judgment for $2000 plus interest from October 17,1957 and costs ”.
Plaintiff appeared by attorney in said action and, in his answer to the said oral complaint, pleaded “ General Denial” and interposed defenses of “ Statute of Fraud ” and “ Wrong Party Defendant ”.
Plaintiff duly advised the defendant insurance carrier of this claim made against him and furnished it with copies of the pleadings, a copy of the agreement made the subject matter of that lawsuit, a copy of his demand for a bill of particulars and a copy of the same served upon him pursuant to his said demand. Reference to this bill of particulars will be made later.
In his communication addressed to the defendant accompanying said documents, plaintiff advised defendant that the claim against him was predicated upon an alleged error or omission on his part arising from professional services rendered by him and, with respect to the said action, called defendant’s attention particularly to paragraphs “ 2 ” and “ 3 ” of the enclosed copy of the bill of particulars.
Defendant disclaimed liability and refused to represent the defendant in that action. Upon said refusal, plaintiff settled the claim against him by paying Gariphallon $500. He now seeks to recover from the defendant the said sum of $500 plus attorney’s fees necessarily incurred by him in that action, attorney’s fees incurred in the present litigation and other damages and varied expenses.
Defendant, in its answer, pleads a ‘ ‘ General Denial ’ ’ and interposes, inter alia, a defense of “ no coverage ”.
The main issue in this case is whether the coverage of defendant’s policy extends to a claim of the nature of that asserted against the plaintiff.
This is what is commonly known as a policy insuring against ‘ ‘ malpractice ’ ’.
The pertinent provision of the policy in issue insures the plaintiff with respect to: “ all amounts which the insured shall become legally obligated to pay as damages resulting from any claim made against the insured arising out of the performance *347 of professional services for others in the insured’s capacity as a lawyer and caused by any negligent act, error or omission of the insured or any other persons for whose acts the insured is liable, and the company shall defend any suit alleging such negligence, error or omission even if any of the allegations of the suit are groundless, false or fraudulent, but the company may make such investigations and negotiation and, with the written consent of the insured, such settlement of any claim or suit as the company deems expedient ”.
Malpractice has been defined generally as any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct. (Gregory v. McInnis, 140 S. C. 52.) The term is occasionally applied to lawyers and then means generally any evil practice in a professional capacity, but rather with reference to the court and its practices and process than to the client. (Matter of Baum, 55 Hun 611, opinion in 8 N. Y. S. 771; Matter of Sillman, 88 App. Div. 102.)
Thus, malpractice is predicated upon the failure to exercise requisite skill and is tortious in nature. The cause of action brought against plaintiff sounded in contract. Specifically, it was based upon failure to perform a special agreement. Negligence, the basis of the former, is foreign to the other.
An insurance company is entitled to have its contract enforced by the courts as written. (Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545.) And the court is not privileged to disregard or distort plain and uniquivocal language of the policy in order to find for an insured. (Sapolin v. American Employers Ins. Co., 21 Misc 2d 477.)
In Safian v. Aetna Life Ins. Co. (260 App. Div. 765, affd. without opinion 286 N. Y. 649), the court held that a policy indemnifying a physician against loss for claims for damages “ on account of any malpractice, error or mistake committed ’ ’ by the physician did not cover liability in an action for breach of contract. (See, also, Berman v. Aetna Life Ins. Co., 256 App. Div. 916.)
It therefore necessarily follows that insurance coverage for claims arising out of ‘ ‘ malpractice, error or mistake ’ ’ is clearly legally distinguishable from coverage for breach of contract. The legal duty inherent in the former, the breach of which is covered, is wholly different. No claim was made that the plaintiff failed to employ the requisite degree of professional skill and care in the representation of his client.
Defendant’s obligation to defend plaintiff in the prior action and/or to indemnify him must be determined by the allegation *348 of the oral complaint served upon him. (Summer & Co. v. Phoenix Ind. Co., 177 Misc. 887; Grand Union Co., v. General Acc. Fire & Life Assur. Corp., 254 App. Div. 274, affd. 279 N. Y. 638.)
Did the oral complaint state such facts as to bring the cause of action therein alleged within the coverage of the insurance policy?
Obviously not. There is no allegation in the oral complaint in the prior action against plaintiff charging him with malpractice, error or mistake.
Plaintiff invokes items “ 2 ” and “ 3 ” of the bill of particulars in said prior action which read as follows:
‘ ‘ 2. The agreement was drawn by Philip Strauss, a defendant herein, who at the time represented himself as the attorney for Jacob Pierce, the other defendant herein, and who assured the plaintiff that he would draw up an agreement so that the plaintiff would be fully protected; and to further insure the plaintiff’s protection he asked that a check be made out to his order as attorney for Jacob Pierce, and that he would see to it that the money would be placed in a separate account and would be available to the plaintiff upon the termination of the agreement. In reliance upon these representations, the plaintiff executed the above mentioned agreement on September 25, 1957 at 1 East 42nd Street, New York City, the offices of Philip Strauss, a defendant herein. Present at the time of the execution were Alexander Q-ariphallon, the plaintiff, and Philip Strauss, and Jacob Pierce, the defendants herein.
“ 3. The plaintiff was led to believe that the defendant, Philip Strauss was acting on his behalf. The defendant Philip Strauss was acting on his own behalf ”.
Under the provisions of section 78 of the New York City Municipal Court Code, the complaint may be oral or written. However, if the complaint is oral, a statement of the nature and substance of plaintiff’s cause of action must be indorsed upon or annexed to the summons. Thus, it is the oral complaint which establishes the theory of the case. While it has been stated that where no facts constituting a cause of action have been indorsed on the summons, it is the function of the bill of particulars to state all the facts which constitute plaintiff’s cause of action (Bloom v. Dicker, 120 Misc. 75), it is equally true that a bill of particulars cannot substitute or add a different theory or cause of action to the complaint. (McCarty v. Public Administrator [Barton], 263 App. Div. 71). In St. Albans Beef Co. v. Aldidge (112 App. Div. 803, 804-805), the court stated: “ The office of a bill of particulars * * * is to amplify a *349 pleading and to limit the proof and not to change a cause of action stated in the complaint or to state a cause of action other than the one there stated ”. (See, also, Weinman v. Weinman, 75 N. Y. S. 2d 880 and the cases cited therein.)
So that while it may be true that there is indicia of alleged conscious misrepresentation on the part of the plaintiff in the prior action which misled and upon which Garipballon acted in reliance thereon, yet the said bill of particulars cannot serve to modify or change the nature of the cause of action alleged in the oral complaint or serve to pre-empt it of its purposes and functions.
A fortiori, item “4” of the said bill of particulars in the prior action states that ‘ ‘ a demand for the return of his money was made by plaintiff (Gariphallon) of the defendant Philip Strauss on October 8, 1957 and on February 13, 1958 ”.
Clearly the prior action was for money had and received, arising out of an alleged breach of contract, and consequently the loss sustained by the plaintiff was not within the coverage of the insurance contract.
Accordingly, the court finds that defendant is entitled to judgment dismissing plaintiff’s complaint, with costs. A determination of the other issues raised by the defendant’s answer herein becomes academic.
All undisposed motions made during the course of the trial are denied, with appropriate exceptions.