■ .METACOUSTIC, INC., Appellant, v. TRUITT BROS., INC., Respondent.— In an action to recover money allegedly owed on a building construction contract, in which defendant furnished a bill of particulars of its counterclaim for breach of the contract, plaintiff appeals from an order of the Supreme Court, Westchester County, dated April 5, 1968, which denied its motion to declare the bill of particulars a nullity and to require defendant to furnish a new bill of particulars. Order modified, on the law and the facts, by striking from the decretal paragraph, after the words " Ordered, that the motion is hereby denied ", the phrase " in all respects " and by substituting therefor the following: " except that the motion is granted to the extent of directing defendant to serve a further bill of particulars (a) stating approximately how many, and approximately when, personal long distance calls of plaintiff's employees were made and charged to defendant; stating approximately when defendant was charged for personal trips of plaintiff's employees; and stating how defendant computed the overcharge of $5,000 for such unauthorized calls and trips; (b) furnishing responsive and consistent statements as to the amount of defendant's damages and how such damages were computed vis a vis injuries to the cement floor; (c) showing the amount of each type of building material (1) destroyed by the elements and (2) purchased in excess of need and charged to defendant; and how defendant computed its damages which resulted from such destruction and excess purchasing; and (d) giving more definite and responsive statements as to the quantity of each type of material billed to defendant ' two or more times '; and when such billing occurred." As so modified, order affirmed, with $10 costs to appellant. Defendant shall serve the further bill of particulars within 20 days after entry of the order hereon. In order to prepare properly for trial, plaintiff should be given more information concerning the alleged personal telephone calls and trips of its employees, allegedly charged to defendant. The alleged overcharge of $5,000 for such unauthorized acts constitutes special damages; therefore plaintiff is entitled to particulars and itemization as to such damages (*Von Ludwig* v. *Schiano*, 23 A D 2d 789). Similarly, plaintiff is entitled to particulars as to the amount of each material destroyed by the elements or purchased in excess of need and charged to defendant; and also how defendant computed such damages which, likewise, are special damages (*Greco* v. *Romanelli*, 13 A D 2d 504). Furthermore, defendant should furnish responsive and reasonably consistent statements as to the amount of damages it sustained, and how such damages were computed, as a result of the cement floor being laid before the roof was completed. Statements in the bill of particulars previously furnished (items 8[a], 20 [d]. and 21.a.), in the answer (par. 17), and in defendant's attorney's affidavit in opposition to the motion under review seem contradictory and confusing. The statement in said bill of particulars (item 20[g]) as to defendant being billed twice or more for the same building material is not totally responsive. Defendant should furnish particulars as to approximately when, in what quantities, and how much it was billed for each specified material, both initially and subsequently (cf. *Burns* v. *Hayes*, 193 Misc. 491). In item 3E of said bill of particulars, defendant listed 10 negligent acts of omission or commission by plaintiff, seven of which, set forth in clauses (c) through (i), are not responsive to the demand for particulars as to negligent acts related to the elements. However since defendant was responsive in three instances, in clauses (a), (b) and (j), additional particulars with respect to this item are not required. Assuming the pleadings remain constant, the trial court should treat clauses (c) through (i) as surplusage and permit no evidence to be introduced with

respect thereto (*McCarty* v. *Public Administrator of County of N. Y.*, 263 App. Div. 71). Christ, Acting P. J., Brennan, Rabin, Hopkins and Kleinfeld, JJ., concur.