263 So.2d 256 (1972)
ANCLOTE MANOR FOUNDATION, a Florida Corporation, Appellant,
v.
John Neal WILKINSON, III, Appellee.
No. 70-448.
District Court of Appeal of Florida, Second District.
May 24, 1972.
Rehearing Denied July 6, 1972.
*257 William F. McGowan, Jr., of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
John Boult, of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellee.
HOBSON, Judge.
Appellant appeals a final judgment entered in favor of appellee on an action for breach of contract arising out of appellant's agreement with the appellee to render psychiatric and medical services to appellee's wife. Appellee's wife was a patient at appellant's hospital for approximately two years for which appellee paid the appellant $28,627.50.
A psychiatrist who was a full-time employee of the appellant was assigned to treat appellee's wife. Appellee's wife was under the direct supervision of such psychiatrist during the entire period that she was a patient. While appellee's wife was still a patient the psychiatrist told her that he was going to divorce his wife and he wanted to marry her.
Each and every one of the expert witnesses testified that the "acting out" of the psychiatrist's feelings toward appellee's wife (known as countertransference) was conduct below acceptable psychiatric and medical standards. On March 1, 1966, approximately ten days subsequent to the psychiatrist "acting out" his feelings toward appellee's wife, she was discharged from appellant's hospital. Prior to her discharge, on February 22, 1966, appellee filed for a divorce. Subsequently, on April 12, 1966, a final decree of divorce was entered divorcing appellee and his wife. The following year appellee's wife committed suicide. Between the date of her discharge and her death by suicide the appellee's wife's only brother was killed in Viet Nam and her grandmother passed away.
The issues were submitted to a jury and a verdict was returned in the amount of $28,600.
Appellant contends that there is no competent evidence in the record from which the jury could determine what, if any, damages appellee suffered as the result of the conduct of the psychiatrist who was appellant's full-time employee. Appellee contends that he is entitled to full reimbursement for monies paid under the contract on the theory that where there is a breach of contract on the part of a physician which destroys the possibility of any benefit which could have been anticipated under skillful treatment in the first instance, he is entitled to recover all expenses incurred by him in the entire course of treatment of his wife. We agree that this is the correct measure of damages if supported by the evidence. Appellee argues that there is sufficient evidence in the record to pose a jury question as to whether or not the breach of contract destroyed the possibility of any benefit which could have been anticipated under skillful treatment in the first instance.
There is sufficient evidence in the record, when considered in the light of the correct instructions given to the jury, to sustain the jury's finding that there was a breach of contract and that the appellee is entitled to recover the total sum paid by him under the contract.
Appellant also challenges the admissibility into evidence of testimony concerning the divorce and suicide of appellee's wife both of which occurred subsequent to her discharge. When this evidence is viewed in light of the expert testimony that the psychiatrist's conduct might have adverse effects upon her, it then becomes a question of the weight to be given such evidence by the jury and not of its admissibility. It is also noted that the appellant introduced testimony to the effect that subsequent to the patient's discharge and prior to her suicide, her brother was killed in Viet Nam and a grandmother passed away. This evidence was also weighed by the jury as to its effect on the patient.
*258 Next, appellant challenges the correctness of the judge determining as a matter of law that the psychiatrist was guilty of malpractice. Suffice it to say that each and every expert testified that the psychiatrist's conduct was below acceptable psychiatric standards.
The other two points raised by appellant have been considered and found to be without merit. Therefore, the judgment appealed is affirmed.
Affirmed.
LILES, A.C.J., and McNULTY, J., concur.