[No. 1391-1.   Division One.   August 27, 1973.]

TRANSCONTINENTAL INSURANCE COMPANY, *Respondent*, v. GEORGE K. FALER *et al.*, *Appellants.*

*George K. Faler, pro se, Helsell, Paul, Fetterman, Todd & Hokanson, John E. Ederer,* and *Lowell K. Halverson,* for appellants.

*Wolf, Hackett, Beecher & Hart* and *A. R. Hart,* for respondent.

WILLIAMS, J.—Transcontinental Insurance Company brought this action against the State of Washington, the City of Seattle, and several other municipal corporations to have a professional liability policy which it had issued to George K. Faler declared inapplicable to an action brought against him and two other attorneys by those governmental bodies. Transcontinental moved for summary judgment which was granted. The governmental bodies and Faler appeal.

Faler, an attorney, appears pro se. He has not filed a brief, and the judgment, as to him, is affirmed. CAROA 41(3).

The facts may be stated as follows: Sometime prior to the institution of the action against Faler and the other attorneys, Transcontinental issued its policy of professional

liability insurance to Faler, the pertinent portions of which are:

> To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages resulting from any claim made against the insured arising out of the performance of professional services for others in the insured's capacity as a lawyer or a notary public and caused by any act, error or omission of the insured or any other person for whose acts the insured is legally liable.
>
> . . .
>
> As respects such insurance as is afforded by the other terms of the policy the company shall
>
> (a) defend in his name and behalf any suit against the insured alleging such act, error or omission and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation and negotiation of any claim or suit as may be deemed expedient by the company. The company, however, shall not make settlement or compromise any claim or suit without the written consent of the insured.

The complaint in the action brought against Faler and the other attorneys by the governmental bodies claimed that the attorneys had represented them in certain antitrust litigation in the course of which the attorneys had conspired to and did exact fees far in excess of those authorized and agreed upon. It further alleged that Faler and the other attorneys had concealed the arrangements for and payments made to themselves which resulted in substantial damage to the governmental bodies.

A summary judgment is appropriate only where there is no genuine issue of material fact. We believe that the question of whether the above quoted portions of the insurance policy cover the actions of Faler, as claimed in the complaint of the governmental bodies, is such an issue.

■■ In an action against an attorney, the erstwhile client must allege and prove the attorney's employment by the client, his breach of a reasonable duty, and that such breach was the proximate cause of loss to the client. *Dul-*

*berg v. Mock,* 1 N.Y.2d 54, 150 N.Y.S.2d 180, 133 N.E.2d 695 (1956); *O'Neill v. Gray,* 30 F.2d 776 (2d Cir. 1929). There is no question but that Faler and his colleagues acted as attorneys for the governmental bodies. As to the existence of a reasonable duty, the relationship of attorney-client places upon the attorney the strict duty of full disclosure.

A lawyer should accept no compensation, commissions, rebates or other advantages from others without the knowledge and consent of his client after full disclosure.

Canon of Professional Ethics 38.

It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the controversy, which might influence the client in the selection of counsel.

Canon of Professional Ethics 6.

The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

Canon of Professional Ethics 11.

"The relation of attorney and client has always been regarded as one of special trust and confidence. The law therefore requires that all dealings between an attorney and his client shall be characterized by the utmost fairness and good faith, and it scrutinizes with great closeness all transactions had between them. So strict is the rule on this subject that dealings between an attorney and his client are held, as against the attorney, to be prima facie fraudulent, and to sustain a transaction of advantage to himself with his client the attorney has the burden of showing not only that he used no undue influence but that he gave his client all the information and advice which it would have been his duty to give if he himself had not been interested, and that the transaction was as beneficial to the client as it would have been had the client dealt with a stranger." 7 C. J. S., Attorney and Client, § 127.

*In re Beakley,* 6 Wn.2d 410, 423, 107 P.2d 1097 (1940).

As seen, there is a charge in the complaint that Faler breached the duty of full disclosure of all the circum-

stances, including the arrangements which proximately resulted in a claimed loss to the governmental bodies. The complaint, therefore, makes out a cause of action against Faler which arose from his conduct while engaged in an attorney-client relationship and in connection with the performance of professional services. *Cadwallader v. New Amsterdam Cas. Co.*, 396 Pa. 582, 152 A.2d 484, 72 A.L.R.2d 1242 (1959); *Harris v. Fireman's Fund Indem. Co.*, 42 Wn.2d 655, 257 P.2d 221 (1953); *Laux v. Woodworth*, 195 Wash. 550, 81 P.2d 531 (1938).

Transcontinental contends that the action against the three attorneys is simply one for money had and received; that the damages which are being claimed are actually the fees which were paid. In support of this contention, Transcontinental relies upon cases which announce basic principles of construction of insurance contracts and upon *Strauss v. New Amsterdam Cas. Co.*, 30 Misc. 2d 345, 216 N.Y.S.2d 861 (1961). In *Strauss,* the action was brought by an attorney against his professional liability carrier to protect him from the claim of a client who insisted upon the return of money placed with the attorney in escrow. The court held that the allegations of the complaint would determine the insurance company's obligation to defend and/or indemnify the attorney under his policy insuring against "malpractice". The policy in *Strauss* at page 346 provided coverage for:

> any claim made against the insured arising out of the performance of professional services for others in the insured's capacity as a lawyer and caused by any negligent act, error or omission of the insured or any other persons for whose acts the insured is liable, and the company shall defend any suit alleging such negligence, error or omission even if any of the allegations of the suit are groundless, false or fraudulent, . . .

There was no allegation in the complaint charging the attorney with malpractice, error or mistake. The court decided that the action was one for money had and received. The situation here is quite different: The demand which is

made of Faler is that he compensate them by way of damages which they sustained because of his concealment of facts which it was his duty to disclose. The damages claimed embrace not only fees alleged to have been taken by Faler but by the other attorneys as well.

The summary judgment of dismissal is affirmed as to Faler, for the reason above stated. As to Transcontinental, the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

HOROWITZ and JAMES, JJ., concur.