297 So.2d 113 (1974)
SECURITY INSURANCE GROUP and New Amsterdam Casualty Company, Appellants,
v.
John Neal WILKINSON, III and Anclote Manor Foundation, Appellees.
No. 73-651.
District Court of Appeal of Florida, Second District.
June 7, 1974.
Rehearing Denied July 26, 1974.
John I. Van Voris and F. Ronald Fraley of Shackleford, Farrior, Stallings & Evans, Tampa, for appellants.
A. Broaddus Livingston and William F. McGowan, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellee Anclote Manor Foundation.
GRIMES, Judge.
This is the second act of a legal drama which began when John Wilkinson sued appellee (Anclote) for breach of contract arising out of Anclote's agreement with Wilkinson to render psychiatric services to his wife. The staff psychiatrist assigned to treat Mrs. Wilkinson became emotionally involved with her. Following her discharge from Anclote's hospital, she divorced her husband and then committed suicide. This court held that there was sufficient evidence in the record to support *114 the trial judge's holding that the psychiatrist's conduct was below acceptable psychiatric standards, the consequence of which was a breach of contract which destroyed the possibility of any benefit that could have been anticipated under skillful treatment in the first instance. Wilkinson's judgment against Anclote amounting to a full reimbursement of all monies paid by him under the contract for professional services was affirmed. Anclote Manor Foundation v. Wilkinson, Fla.App.2d, 1972, 263 So.2d 256.
Since appellants (Security) had refused to defend the Wilkinson suit under its hospital liability policy, Anclote filed a third-party complaint against Security. After Wilkinson's suit was over, Anclote obtained a summary judgment against Security for $49,523.00 covering the Wilkinson judgment, attorneys' fees for the defense of the primary action and attorneys' fees for the prosecution of the third-party complaint. The finale of the second act finds Security in the posture of appealing from this summary judgment.
With respect to insured risks, the pertinent portion of the hospital professional liability policy issued by Security to Anclote Manor read as follows:
"1. Hospital Professional Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury, including death, sustained by any person arising out of:
(a) malpractice, error or mistake committed during the policy period (1) in rendering or failing to render to such person, or to the person inflicting the injury, medical, surgical, dental or nursing treatment, including the furnishing of food or beverages in connection therewith, or (2) in furnishing or dispensing drugs or medical, dental or surgical supplies or appliances if the injury occurs after the named insured has relinquished possession thereof to others, or (3) in handling or performing autopsies on deceased human bodies."
The parties stipulated that there was no genuine issue of material fact. Thus, the decision becomes one of policy construction. In this context, we hold that Wilkinson's claim was outside the scope of coverage under the policy.
Anclote argues that the policy provides for indemnity for any liability which arises "because of" an act which constitutes malpractice. However, a careful reading of the policy indicates that it provides only for indemnity against liability "because of" injury sustained by a person, and then only if the injury arose out of an act of malpractice. Only a legal obligation to pay damages because of injury to a person is within the terms of the contract of insurance. Therefore, there is no coverage for a legal obligation to pay which is not predicated upon an injury to a person, even though such legal obligation may have arisen from an act of malpractice.
Anclote's liability to Wilkinson was not for damages because of injury to a person but was for damages because of the non-performance of the contract to treat the patient as agreed. The fact that the non-performance of the contract was demonstrated by proof of malpractice does not alter the fact that Wilkinson's suit was one for non-performance. It was not a claim in tort or in implied warranty for damages because of injury to a person. The suit was not brought by Wilkinson as a derivative claim. The right and the remedy for a failure of consideration is completely distinct from the right and the remedy for injury to a person. To hold Security liable would be to construe the words of the policy to provide indemnity for all damages due to non-performance, whereas Security only agreed to be the surety for damages because of injury to a person.
In reaching a contrary conclusion, the trial court relied on Squires v. Hayes, 1968, 13 Mich. App. 449, 164 N.W.2d 565. In that *115 case, the Michigan Court of Appeals held liability coverage applicable to a judgment against a doctor for breach of an implied contract to employ "standard treatments" in treating the plaintiff's wife. However, the applicable clause of the insurance policy there read:
"`To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury arising out of malpractice, error or mistake in rendering or failing to render professional services.' (Emphasis supplied.)"
The Michigan court held that the "injury" necessary to come within the coverage of the policy was the mental and economic injury of the husband rather than the physical injury of the wife. In the instant case, the language of the policy provides for injury "sustained by any person arising out of malpractice, error or mistake ... in rendering or failing to render to such person" medical treatment. This language leads to the inescapable conclusion that the injury must be suffered by the person to whom the medical services were rendered. Had the original suit been one seeking damages for injury to Mrs. Wilkinson or one alleging her wrongful death, the policy would have provided coverage even though the hospital-patient relationship originated by way of contract. Cf. Manning v. Serrano, Fla. 1957, 97 So.2d 688; Kozan v. Comstock, CA 5th, 1959, 270 F.2d 839.
This case bears some similarity to those in which medical liability policies have been held inapplicable where the doctor has failed to carry out a contract in which he agreed to cure his patient. E.g. Strauss v. New Amsterdam Casualty Company, 1961, 30 Misc.2d 345, 216 N.Y.S.2d 861; Safian v. Aetna Life Ins. Co., 1940, 260 A.D. 765, 24 N.Y.S.2d 92; McGee v. United States Fidelity & Guaranty Co., CA 1st, 1931, 53 F.2d 953. Admittedly, the result in those cases must have been influenced by the thought that the insurance company could not have intended to insure the success of this special type of contract. Yet, in the "covenant to cure" cases the failure of consideration was failure to cure; in the present case the failure of consideration was a failure to give proper treatment. The nature of the act or omission constituting failure of consideration could be said to be immaterial to the rationale of the rule which is implicit in those cases  that a contract damages recovery for failure of consideration is not within the ordinary scope of malpractice coverage which provides only for indemnity for damages arising because of injury to a person.
Anclote suggests that Mrs. Wilkinson suffered an injury within the contemplation of the policy when she failed to receive reasonable care. Even if this were so, the fact remains that Mr. Wilkinson's cause of action and measure of damages were not predicated upon an injury to Mrs. Wilkinson. Any proof relating to the effect of the treatment upon Mrs. Wilkinson was only relevant to prove the gross extent of the failure of consideration necessary to be found in order to justify the complete restitution of expenses incurred by her husband for the treatment.
The summary judgment is reversed.
McNULTY, A.C.J., and BOARDMAN, J., concur.