Trump v Trump (2025 NY Slip Op 25118)

[*1]

Trump v Trump

2025 NY Slip Op 25118

Decided on May 20, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 20, 2025
Supreme Court, New York County

Donald J. Trump, Plaintiff,

against
Mary L. Trump, THE NEW YORK TIMES COMPANY D/B/A 
 THE NEW YORK TIMES, SUSANNE CRAIG, DAVID BARSTOW, RUSSELL BUETTNER, JOHN DOES, ABC CORPORATIONS 1 THROUGH 10, Defendant.

Index No. 453299/2021

Robert R. Reed, J.

On March 26, 2025, defendant Mary Trump (defendant) submitted a letter to this court, identifying a Commercial Division Rule 14 dispute that has arisen between the parties. Plaintiff submitted responsive correspondence dated April 2, 2025. Defendant then submitted separate correspondence on May 5, 2025 regarding the same issues presented to the court in her March correspondence. Plaintiff responded on May 14, 2025. The following order addresses all discovery correspondence received by the court to date.
It is well settled that the trial court has broad power to supervise disclosure (Daniels v City of New York, 291 AD2d 260, 260 [1st Dept 2002]). Generally speaking, and as applicable to discovery in every litigation, CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words "material and necessary" are to be interpreted liberally to require disclosure of facts bearing on the controversy which will assist in the preparation for trial by sharpening the issues and reducing delay and prolixity (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]).
The party seeking disclosure must demonstrate that "the method of discovery sought will result in the disclosure of relevant evidence or evidence that is reasonably calculated to lead to the discovery of information bearing on the claims" (Abrams v Pecile, 83 AD3d 527, 528 [1st Dept 2011], quoting Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]). The test is one of usefulness and reason" (Allen v Crowell—Collier Publ. Co., 21 NY2d 403, 406 [1968]).
Damages
Defendant purportedly served interrogatories pursuant to Commercial Division Rule 11-a (b) and requested a computation of damages, including information regarding all calculations, assumptions, and methodologies used to reach the totals. Plaintiff purportedly responded by identifying categories of damages but failed to provide specific damages totals. Plaintiff also failed to identify specific calculations or computations for each category. Defendant now requests that this court direct plaintiff to fully answer the interrogatory and produce documentary evidence regarding plaintiff's sustained damages.
Plaintiff submits that he fully responded to defendant's demands and is not required to particularize damages until the completion of discovery. Plaintiff asserts that he fully responded to defendants demands by supplying proof of sustained compensatory damages in the form of litigation costs and legal fees. According to plaintiff, it is defendant who has not set forth her own earnings from the publication at issue in this litigation, which is essential to plaintiff's disgorgement damages calculations. Plaintiff represents that he will supplement his claims for actual, compensatory, incidental, reputational, and restitutionary harm at the time of expert disclosure.
This is a breach of contract action. The claims against defendant Mary Trump arise from her obligations under a confidentiality provision of a settlement agreement. Damages for breach of contract include general (or direct) damages, which compensate for the value of the promised performance. Consequential (special) damages, which are indirect, compensate for additional losses incurred as a result of the breach (Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 805—06 [2014]). A general assertion of direct damages may be accepted on a breach of contract claim, but special damages must be pleaded with particularity (Metacoustic, Inc. v Truitt Bros., 32 AD2d 826 [2d Dept 1969][where an allegation constituted special damages for alleged breach of contract, the party charged with the breach was entitled to particulars and itemization as to such damages, and was also entitled to particulars as to how such damage was computed]).[FN1]

Here, special damages must be particularized to inform the opposition of what specific indirect harm is being alleged. The complaint, supported by the plaintiff's interrogatory responses, asserts that actual, compensatory, and incidental damages were sustained, along with reputational harm, loss of goodwill, and restitution damages. To the extent plaintiff seeks to recover under any of these such categories as "special damages," particularization of such special damages is required.[FN2]

Inquiries regarding the methodology used in arriving at the value and calculations for the amounts of special damages claimed are properly reserved for expert disclosure. However, itemizing the amounts claimed as special damages, category by category, and producing documents reflecting the damages claims should not be delayed. Plaintiff's refusal to provide an itemization of special damages, when demanded, was improper.
Estate Valuation Materials
As an affirmative defense to plaintiff's breach of contract claims, defendant asserts that the settlement agreement was procured by fraud. This position is premised upon the theory that the statements in the settlement agreement were inaccurate regarding the value of the property referenced.
To support this defense, defendant demanded production of documents reflecting the value of interests in the Trump family businesses that defendant inherited from her father and sold to plaintiff. These documents, according to defendant, are relevant to defendant's defense that the settlement agreement is unenforceable and voidable. Additionally, defendant submits that this evidence provides a basis for the valuation of plaintiff's damages claim for "clawback of the consideration received by [Ms. Trump] in connection with the agreement." Defendant asserts this measure of damages is a veiled claim for rescission.
Plaintiff refutes defendant's presumption that it seeks rescission damages and asks this court to reject any request for valuation records. According to plaintiff, the question of the availability of fraud as a defense to the settlement agreement was rejected by this court in its November 2022 decision in a separate action titled Mary L. Trump v. Donald J. Trump et.al., bearing index 654698/2020. In this court's decision granting defendants' motion to dismiss, this court rejected Mary Trump's challenge to the settlement agreement and release based on fraud.
In that decision, the court held:
"Reading the releases and settlement agreement together, these documents clearly and unambiguously released defendants from unknown claims, including fraud claims. There is no indication that the parties intended to limit the releases to known claims at the time they executed the releases and settlement agreement. By using the language "all actions" and "causes of action" plaintiff "can," "shall" or "may" have against defendants "by reason of any matter, cause or thing whatsoever," plaintiff released defendants from unknown fraud claims when she signed the releases"
(Trump v Trump, 77 Misc 3d 543, 554 (NY Sup Ct 2022), aff'd, 217 AD3d 594 [1st Dept 2023][internal citations omitted]).
Therefore, as there is no valid contention that the release and settlement agreement in this action is a separate document or somehow different from the release involving both parties in the prior dismissed action, defendant's request for discovery, premised on the defense of fraud, is rejected. Under the doctrine of collateral estoppel, a party is precluded from relitigating in a subsequent action an issue raised in a prior action and decided against that party. The doctrine applies if the issues are identical, decided in the preceding action, and the party against whom the decision was rendered had a fair and full opportunity to litigate the issue (Arcamone-Makinano v Perlmutter, 196 AD3d 479, 480 [2nd Dept 2021]).
Here, there is no question that defendant seeks valuation documents to attack the validity of the settlement agreement on the grounds of fraud. This exact argument was squarely addressed in the court's prior decision. There, the court clearly stated that Mary Trump's fraud claim, premised upon the release and settlement agreement, cannot stand (Trump, 77 Misc 3d at 554-55). The issue was fully litigated and affirmed by the Appellate Division (Trump v Trump, 217 AD3d 594 [1st Dept 2024]["Supreme Court applied the correct standard in reviewing the validity and scope of the general releases at issue. The court cited to the proper "fairly and knowingly made" standard and engaged in a detailed analysis of whether plaintiff had sufficiently alleged the existence of overreaching or unfair circumstances such that enforcement [*2]of the general releases would be inequitable."]).
The court here takes no position as to the validity of defendant's affirmative defense, as that application is not properly before this court. However, to the extent that defendant bases a discovery request upon a legal theory she is arguably estopped from asserting, this court declines to order the production of said information at this time.
Jackson Affidavit
During discovery, a party is only required to produce those items that are within the "possession, custody or control" of the party served, which, under certain circumstances, can also mean "constructive possession" — the right, authority, or practical ability to obtain the documents or information sought (Commonwealth of N. Mariana Islands v Canadian Imperial Bank of Com., 21 NY3d 55, 62—63 [2013]). Courts have interpreted "possession, custody or control" to mean constructive possession, which does not require that the party have legal ownership or actual physical possession of the documents at issue (id.). Rather, documents are considered under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action (id.).
Generally, if either party represents that he or she has no possession, custody or control of responsive information — after an exhaustive search for such information — then an affidavit, compliant with Jackson v City of New York, should be produced. The affidavit should provide a basis to establish where the subject records are likely to be kept, what efforts, if any, have been made to preserve them, whether such records are routinely destroyed, and whether a search has been conducted in every location where the records are likely to be found. The affidavit should set forth facts demonstrating that the search for records was thorough and conducted in good faith (Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]).
Accordingly, it is hereby
ORDERED that, within ten (10) days of the date of this order, plaintiff shall fully respond to defendant's request for interrogatory responses and provide an itemization of all special damages alleged, and specifically identify the amounts asserted as special damages for each category of damages asserted; and it is further
ORDERED that defendant's request for estate valuation materials from the plaintiff is denied; and it is further
ORDERED that within 30 days of a discovery response that fails to identify any responsive information within in the possession, custody or control of the responding party, a Jackson Affidavit shall be produced reflecting, among other things, the specific efforts undertaken to search for responsive information; and it is further
ORDERED that the May 29, 2025 status conference is adjourned, and the parties shall continue compliance with the current discovery schedule (NYSCEF doc. no. 170) and appear for a virtual status conference on August 7, 2025 at 10:30 a.m.
DATE May 20, 2025
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1:"Special damages consist of the loss of something having economic or pecuniary value" (Franklin v Daily Holdings, Inc., 135 AD3d 87, 93 [1st Dept 2015]). In respect to pleadings, allegations of special damages must be "fully and accurately stated" (Drug Rsch. Corp. v Curtis Pub. Co., 7 NY2d 435, 440 [1960]). Round figures, with no attempt at itemization, do not state special damages (id. at 441).

Footnote 2:General damages "are the natural and probable consequence of the breach" of a contract and includes "money that the breaching party agreed to pay under the contract" (Biotronik A.G., supra; citing, American List Corp. v U.S. News & World Report, 75 NY2d 38, 43 [1989]; Kenford Co. v County of Erie, 73 NY2d 312, 319 [1989]). By contrast, consequential, or special, damages do not "directly flow from the breach" (id.).