USM CORPORATION vs. FIRST STATE INSURANCE
COMPANY & another.[1]

Suffolk. April 4, 1995. - July 26, 1995.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Insurance*, "Consultants errors and omissions" policy, Construction of pol-
icy, Coverage. *Contract*, Insurance. *Words*, "Errors and omissions."

The language of a liability policy insuring a consultant against loss by rea-
son of "any negligent act, error or omission" operated to cover a loss
resulting from the consultant's error amounting to breach of an express
warranty in its development and delivery of a turnkey computer system
that did not perform as promised, where such an error, although not
negligent, was inherent in the consultant's rendering of professional ad-
vice in the circumstances: any ambiguity in the scope of the term "er-
ror" was to be construed against the insurer. [867-869]
An exclusion under a liability policy insuring a consultant against loss by
reason of "any negligent act, error or admission," that precluded cover-
age for any claim arising out of "error or omissions in the design of any
tangible product" did not relieve the insurers of liability for the consult-
ant's breach of warranty in the design and delivery of a turnkey com-
puter system that did not perform as promised, where the consultant's
error was not in design but in its relying on the representations of a
computer hardware supplier with respect to the performance of the sup-
plier's hardware. [869]
A liability incurred by a consultant for breach of express warranty of a
turnkey computer system was not a liability "assumed by the insured
under any contract" so as to be excluded from coverage under a policy
of liability insurance; alternatively, under the policy language an excep-
tion to the exclusion would apply and coverage would attach. [869-870]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 16, 1991.

---

[1]Granite State Insurance Company.

The case was heard by *John C. Cratsley*, J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Louis N. Massery* (*William D. Gillis* with him) for First State Insurance Company.

*Anil Madan* (*Roger D. Matthews* with him) for Granite State Insurance Company.

*Jack R. Pirozzolo* (*Judith S. Ziss* with him) for the plaintiff.

WILKINS, J. We granted the defendant insurers' application for further appellate review to consider their claim that the "Consultants Errors & Omissions" policies they issued to Arthur D. Little Systems, Inc. (ADLS), do not cover losses that ADLS incurred as a result of a judgment in an action that USM Corporation (USM) brought against ADLS. The circumstances of that underlying case are set forth in *USM Corp.* v. *Arthur D. Little Sys., Inc.*, 28 Mass. App. Ct. 108 (1989). The Appeals Court there held that ADLS was in breach of an express warranty contained in an agreement in which ADLS agreed to develop and deliver to USM a turn-key computer system that would perform certain functions. *Id.* at 121.

In the case now before us, in which USM seeks to recover under the errors and omissions policies that the defendant insurers issued to ADLS, the Appeals Court held that the policies covered the conduct of ADLS that gave rise to liability to USM. *USM Corp.* v. *First State Ins. Co.*, 37 Mass. App. Ct. 471, 473 (1994). The insurers contend that their policies do not cover losses arising from special contractual commitments, such as express warranties, that exceed the normal obligations of a professional consultant to a client. We join with the Appeals Court in rejecting this argument as applied to the express warranties in this case. We also agree that the coverage exclusions on which the insurers rely in the alternative do not relieve them of liability under the policies.

ADLS warranted that, when the computer system was delivered to USM, it would be free of defects in design and in

substantial accordance with certain functional specifications. *USM Corp.* v. *Arthur D. Little Sys., Inc., supra* at 119-120. The system's response time never achieved the promised level of performance, and, therefore, the express warranty was not complied with. *Id.* at 120-121. Although liable for breach of express warranty, ADLS was not negligent because, in assuring USM that the system would meet USM's needs, ADLS reasonably relied on the advice of Data General that the Data General computer selected for the system would perform the necessary functions within the required time. *Id.* at 118.

1. The insurers assert that the loss that ADLS incurred, because of the judgment entered against it in the underlying case, does not fall within the coverage provisions of the policies. The policies indemnify ADLS against certain losses incurred by ADLS "in the conduct of its business as consultants, and in the rendering of professional services incidental thereto." It seems clear that ADLS's losses were incurred in the conduct of its business as consultants and in the rendering of related professional services.

The difficult question is whether the losses that ADLS incurred were "from any claim against the Insured during the Policy Period by reason of any negligent act, error or omission committed during the Policy Period." The insurers argue that the policy does not cover liability without fault, such as breach of warranty, but rather that it was designed to insure against liability arising out of special risks inherent in the practice of a profession. They contend that an insured may not expand the coverage of an errors and omissions policy by creating a contractual obligation that is greater than the obligation that is inherent in the practice of the insured's profession.

Other courts have not limited liability under "errors and omissions" policies to circumstances involving negligence, but have recognized certain nonnegligent errors as being within the coverage afforded. See authorities cited in *USM Corp.* v. *First State Ins. Co., supra* at 475-476. Cases involving the words such as "negligent act, error or omission" (the crucial

language of the policies before us) have not consistently determined that an error must be a negligent one if coverage is to be available. In *Aitchison* v. *Founders Ins. Co.*, 166 Cal. App. 2d 432 (1958), the insured was not negligent when he honestly but mistakenly believed and represented that the product he sold was domestic and not foreign. The court nevertheless concluded that the insured's loss resulting from his misrepresentation concerning the product was a loss covered by a policy covering "negligent acts, errors or omissions." *Id.* at 438-439. The insurer did not even contend that its policy covered only negligent errors. Cf. *Continental Casualty Co.* v. *Cole*, 809 F.2d 891, 895-896 (D.C. Cir. 1987) (District of Columbia law) (where policy covered an error, a breach of contract is a covered error); *Bank of Cal., N.A.* v. *Opie*, 663 F.2d 977, 980 & n.4 (9th Cir. 1981) (Washington law) (liability based on contract rather than on tort in certain circumstances constitutes error under professional liability insurance), citing *Sutherland* v. *Fidelity & Casualty Co.*, 103 Wash. 583, 586 (1918) (policy covering "malpractice, error or mistake" covers error that was not malpractice). Because some, but not all, judicial opinions have rejected the interpretation of errors and omissions policies for which the insurers contend, if it was the insurers' intention, the crucial words of the policy should have been amended to eliminate the ambiguity and to make clear that coverage extended only to negligent errors. Potential policyholders could then have more accurately determined whether such coverage met their needs.

Because of the uncertainty about the scope of the word "error," the insurers as authors of the policies must suffer the consequences of the ambiguity. Although the policy does not cover liability because of each and every error resulting from a breach of contract, the error in this case was inherent in the rendering of professional advice. ADLS assured USM that it may rely on its professional advice as a consultant that a particular system would meet a particular standard of performance. ADLS was not negligent in giving that assurance, or, put another way, it was reasonable within its profes-

sional responsibilities for ADLS to make such a promise. The policies covered losses of the character that ADLS incurred.

2. We agree with the Appeals Court that exclusion (e) in the policies does not relieve the insurers of liability. Coverage is excluded for any claim "arising out of errors or omissions in the design of any tangible product." ADLS's basic error, a nonnegligent one, was its reliance on Data General's assurance that its computer hardware would perform in substantial accord with certain functional specifications. This reliance led ADLS to warrant the performance of the computer system and in turn led to ADLS's liability to USM when Data General's assurance could not be fulfilled. Thus ADLS can be viewed as having committed no error in the design of any tangible product. The fact that Data General could not redesign its selected computer to perform as warranted does not make exclusion (e) applicable to bar coverage. As the Appeals Court stated, the exclusion is ambiguous in these circumstances and should be construed strictly against the insurer. *USM Corp.* v. *First State Ins. Co.*, supra at 478-479. A design error by Data General is not an error of the character to which exclusion (e) of ADLS's policy unambiguously applies.

3. We agree with the Appeals Court that the insurers' reliance on exclusion (h) to avoid liability also lacks merit. Exclusion (h) excludes coverage "for liability assumed by the Insured under any contract" with an exception that we shall discuss shortly. The liability that ADLS incurred for its breach of express warranty was not a liability that it assumed under its contract with USM. ADLS incurred, rather than assumed, that liability under its USM contract. Certainly a contractual agreement to indemnify or hold another harmless would be a liability assumed, and thus excluded from the coverage of ADLS's insurance policies. We see no indication that ADLS assumed any liability of Data General whose computer was unable to perform as promised. The Appeals Court's interpretation of exclusion (h) in this case, and of a somewhat similar exclusion in *Wolov* v. *Michaud Bus Lines, Inc.*, 21 Mass. App. Ct. 60, 63-64 (1985), is consistent

with views expressed elsewhere. See *Musgrove* v. *Southland Corp.*, 898 F.2d 1041, 1044 (5th Cir. 1990); *Action Auto Stores, Inc.* v. *United Capitol Ins. Co.*, 845 F. Supp. 428, 442 (W.D. Mich. 1993); *Olympic, Inc.* v. *Providence Wash. Ins. Co.*, 648 P.2d 1008, 1011 (Alaska 1982); *Smithway Motor Xpress, Inc.* v. *Liberty Mut. Ins. Co.*, 484 N.W.2d 192, 196 (Iowa 1992).

Exclusion (h) contains an exception to its exclusion of coverage for any liability assumed by ADLS if "such liability would have attached to the Insured by reason of negligent acts, errors or omissions committed in connection with the operations of the Insured in the absence of such a contract." This exception is expressed in language substantially similar to the coverage provisions of the insurance policies and raises the question whether, as a practical matter, exclusion (h) excludes coverage in any respect. If the insurers had an interest, as they rightly should have, in avoiding general coverage of its insured's breaches of contract (with certain exceptions), more precise language should have been used in exclusion (h).

If we accept the exception as written and assume, contrary to fact, that, but for the exception, exclusion (h) would deny coverage in this case, the result would be the same. We conclude alternatively that ADLS's breach of its express warranties was an error committed in connection with ADLS's operations for which liability would have attached in the absence of a contract (i.e., in the absence of the contract provisions stating the express warranties). If the express warranty provisions had been absent from the contract, an implied warranty of fitness for a particular purpose would have existed, that implied warranty would have been violated, and the breach would have been an error falling within the exception in exclusion (h) (as well as within the coverage language of the policies). See *Wolov* v. *Michaud Bus Lines, Inc., supra.*

4. We agree with the conclusions of the Appeals Court expressed in parts 4 and 5 of its opinion. The Superior Court judgment is affirmed insofar as it declares that the policies

provide coverage to ADLS for the conduct which gave rise to its liability to USM. The case is remanded for a determination whether ADLS knew or reasonably should have known of a potential claim by USM prior to entering into any relevant insurance policy.

*So ordered.*