Fremont-Smith, J.
Plaintiff Ernhart Industries, Inc. (Ernhart) seeks damages from defendants First State *695 Insurance Company (First State) and Granite State Insurance Company (Granite State) for unfair and deceptive insurance settlement practices in violation of G.L.c. 93A, §11. Defendants now seek judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) and dismissal of the complaint. For the following reasons, defendants’ motion is DENIED.
BACKGROUND
Emhart’s pleadings make the following allegations. In November 1979 Emhart’s predecessor, USM Corporation (USM), brought a breach of contract action against Arthur D. Little Systems, Inc. (ADLS) in Essex County Superior Court, alleging damages as a result of computer software supplied by ADLS that failed to function according to requirements. First State had issued a primary policy of insurance coverage, and both First State and Granite State (jointly, the Insurers) had issued excess policies of insurance to ADLS for the policy period April 1, 1979 through April 1, 1980. In about December 1979, ADLS gave notice of USM’s claim to both First State and Granite State. The action was tried, judgment was entered in favor of ADLS, and USM appealed. The Appeals Court reversed the Superior Court judgment, ordered that judgment enter in favor of USM, and remanded the case to the Superior Court for determination of damages. On October 25, 1990 judgment was entered in favor of USM in the amount of $1,833,695.00 plus interest in the amount of $2,401,529.17. ADLS made demands on First State for payment of the judgment, which were rejected. ADLS did not pay any part of the judgment, and in July 1990 filed a voluntary petition in bankruptcy.
In about March 1991, USM made a written demand on First State and Granite State for payment of the judgment, and in August 1991, brought an action in Suffolk County Superior Court (No. 91-5555-A) against both insurers, seeking to reach and apply the proceeds of the insurance policies in satisfaction of the judgment against ADLS. On October 13, 1992, the Superior Court granted summary judgment in favor of USM and on November 2, 1992, entered judgment against the Insurers in the amount of $4,235,224.17 plus interest in the amount of $1,009,510.85. No part of this judgment has been paid. The Insurers appealed, and the Appeals Court affirmed the Superior Court judgment. The Supreme Judicial Court granted further appellate review, and on July 26, 1995 affirmed the portion of the decision construing the contract, but remanded the case to the Superior Court to determine whether ADLS had notice of the USM claims before entering into the policies with the Insurers.
In November 1993 Emhart, now successor in interest to USM, filed this action alleging that the Insurers violated c. 93A by engaging in unfair settlement practices with ADLS, unjustifiably causing Emhart to litigate its claims against ADLS, and by engaging in dilatory tactics prior to and during the reach and apply litigation.
The Insurers now move for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), maintaining that the alleged unfair insurance settlement practices, violative of G.L.c. 176D, and the allegedly unfair litigation tactics, do not support a claim for violation of c. 93A, §11.
DISCUSSION
Mass.R.Civ.P. 12(c) provides that “[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.” The effect of such a motion is to “challenge the legal sufficiency of the complaint.” Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980); Samson v. Lynn, 405 Mass. 29, 30 (1989); Wilson v. Commonwealth, 31 Mass.App.Ct. 757, 763 (1992). When a defendant moves for judgment on the pleadings, it is in effect a Rule 12(b)(6) motion to dismiss because the plaintiff is asserting that the complaint fails to state a claim for which relief can granted. James W. Smith & Hiller B. Zobel, Rules Practice §12.16 at 305 (1977). Here, defendants’ motion will be treated as a motion to dismiss.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true the well pleaded factual allegations of the complaint, as well as any reasonable inferences that can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). Further, a complaint should not be dismissed simply because it asserts a new or extreme theory of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 934, 934 (1983); Bell v. Mazza, 394 Mass. 176, 183 (1985).
I. G.L.c. 93A, §11[2] claim for unfair insurance settlement practices.
The Insurers claim that Emhart’s accusations of unfair insurance settlement practices, which would violate c. 176D if proven, are not actionable under G.L.c. 93A, §11 because it has been determined that “a violation of G.L.c. 176D, §3(9) does not support a §11 claim under c. 93A.” DiVenuti v. Reardon, 37 Mass.App.Ct. 73, 79 (1994), citing Jet Line Services, Inc. v. American Employers Ins. Co., 404 Mass. 706 (1989). But in Polaroid Corp. v. The Travelers Indemnity Co., 414 Mass. 747 (1993), the Supreme Judicial Court indicated there might be an independent c. 93A, *696 § 11 claim for unfair and deceptive acts by an insurance company even though this same conduct would give rise to an action under c. 176D, §3(9). The Court there said that “a consumer asserting a claim under c. 93A, §9 may recover for violations of c. 176D, §3(9) without regard to whether the violations were unlawful under c. 93A, §2 . . . ,” thus implying that there can be a cause of action against an insurer under §§2 and 11 which is independent of any c. 176D violation.
Not every unlawful act is automatically an unfair or deceptive one under c. 93A, §2, and in a commercial dispute between business organizations, “[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce." Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979); see also Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 475-76 (1991); but see Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc., 420 Mass. 39, 42 (1995) (preferring to focus on the nature of the challenged conduct and on the purpose and effect of that conduct). In short, a violation of c. 176D that rises to a “level of rascality” as to constitute an unfair or deceptive act for purposes of c. 93A, §2 would seem to support an independent claim for violation of c. 93A, §11.[3]
The Insurers also argue that the claims must fail because Emhart does not have an assignment of rights from the insured, ADLS, and, because it has no direct business relationship with them, lacks standing.
However, whether a third-party beneficiary has standing under c. 93A, §11[4] to assert the insured’s claims was left open by the Supreme Judicial Court in Boston v. Aetna Life Ins. Co., 399 Mass. 569, 573, n.5 (1987).
The Supreme Judicial Court has, on the other hand, construed amended section 9,[5] which contains similar broad language, as not requiring privity. Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 675 (1983) (claimants against defendant’s insurer are proper plaintiffs); Maillet v. ATF-Davidson Co., 407 Mass. 185, 191, 192 n.10 (1990) (breach of warranty action). Compare Dodd v. Commercial Union Ins. Co., 373 Mass. 72, 81 (1977) (under prior version of §9, only “purchasers” of defendant insurer’s policies had standing).
“Likewise, privity is not required to maintain a nonwarranty-based action under c. 93A, i.e., one based on fraud, so long as the parties are engaged in more than a minor or insignificant business relationship.” Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 551 (1995) (discussing privity-requirements under c. 93A without distinguishing between claims under §§9 and 11). See also Nei v. Boston Survey Consultants, Inc., 388 Mass. 320, 324 (1983) (finding “somewhat significant” that defendants had no contractual or business relationship with plaintiffs).
This case raises a number of different questions of law, and the “preferable practice, where an underlying question of law is subject to doubt, is to decide that question on a record of facts rather than on a record of allegations that may or may not prove true.” Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 50 (1991).
II. Claim based on conduct prior to and during litigation.
The Insurers also maintain that their conduct during the underlying litigation cannot support a c. 93A claim because acts done pursuant to litigation cannot give rise to c. 93A liability and, in any event, were not perpetrated in a business context.
It is not clear, however, that litigation-related conduct cannot give rise to c. 93A liability. See, e.g., Schubach v. Household Finance Corp., 375 Mass. 133 (1978); Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 778-79 (1986).
Next, to determine whether a transaction occurs in a business context, a court must consider the character of the party, the nature of the transaction, the activities engaged in by the party, and whether the transaction was motivated by business or personal reasons. Begelfer v. Najarian, 381 Mass. 177, 190-191 (1980) (holding that a private individual with participation in an isolated transaction was not transformed into a person engaged in trade or commerce merely by exercise of contractual or legal remedies); Poznik v. Massachusetts Medical Professional Insurance Association, 417 Mass. 48, 52 (1994); Arthur D. Little, Inc. v. East Cambridge Savings Bank, 35 Mass.App.Ct. 734, 743 (noting that bank as trustee in trustee process action was not acting in business context where no commercial relationship existed between the parties and the only contact occurred in context of litigation), review denied, 417 Mass. 1103 (1994).
Plaintiffs complaint, with reasonable inferences drawn therefrom, alleges that the litigation arose in the course of its seeking payment of a judgment from the Insurers for breach of a commercial contract by their insured; that the Insurers are in the business of insurance, including handling and litigating claims; and that for each party, the litigation is motivated by business reasons. Plaintiffs allegations are sufficient to withstand the Insurers’ motion for judgment on the pleadings.
Because the Court cannot say, at this stage in the proceedings, that it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief, the Insurers’ motion will be denied.
III. Stay of the proceedings.
Nonetheless, a verdict in favor of the Insurers, or a verdict or settlement in the range of the amounts offered by the Insurers, would in all probability render plaintiffs claim moot. The evidence needed to support *697 the c. 93A claims, other than the ultimate liability determination, is not duplicative of the evidence needed to support the issue of ADLS’s knowledge as it relates to the underlying claim. Further, all discovery in an unfair insurance settlement practices suit is ordinarily subject to stay pending resolution of the underlying liability claims. See Gross v. Liberty Mutual Ins. Co., No. 84-0138 (App. Ct. April 24, 1984) (Kass, J., single justice), slip op. at 2; Belcher v. Pawtucket Mutual Ins. Co., No. 89-J-672 (App.Ct. Oct. 5, 1989) (Kass, J., single justice), slip op. at 1; Royal Ins. Co. v. Stoneham Auto Body, No. 93-J-923 (App.Ct. Dec. 7, 1993) (Gillerman, J., single justice), slip op. at 1.
For these reasons, the Court concludes that the interests of the administration of justice will best be served by a stay of all proceedings under this complaint until the underlying lawsuit against the Insurers is resolved.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for judgment on the pleadings is DENIED. It is further ORDERED that this action is stayed pending resolution of the underlying action, USM Corp. v. First State Insurance Co., Suffolk Superior Court Civil No. 91-5555-A (on remand, see 420 Mass. 865, 871 (1995).

A1 though the complaint does not specify whether plaintiff is proceeding under §9 or § 11 of c. 93A, the parties agreed at oral argument that plaintiff is proceeding under §11.

A violation of c. 176D, §3(9) automatically comprises a violation of c. 93A, §9 because §9 so provides, but does not necessarily rise to the level of a c. 93A, §§2 and 11 violation. While the insurers cite Transamerica Ins. Group v. Turner Construction Co., 33 Mass.App.Ct. 446, 452 (1992), and DiVenuti, supra, 37 Mass.App.Ct. at 79, for the proposition that a violation of G.L.c. 176D, §3(9) can never support a §11 claim under c. 93A, Transamerica was decided on an agreed statement of facts, whereas DiVenuti was decided following trial. The cases may therefore be viewed in light of Polaroid Corp., supra, as deciding only that, on the particular facts before them, “mere” c. 176D violations, i.e., those not rising to the level of §2 violations, did not support a §11 claim.

Section 11 of chapter 93A, as relevant against the Insurers here, provides a right of action for “(a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property . .. as a result of.. . an unfair or deceptive actor practice declared unlawful by section two or any rule or regulation issued thereunder .. .” (emphasis supplied).

Section 9 of chapter 93A provides a right of action for “(a]ny person, other than a person entitled to bring action under section eleven of this chapter who has been injured by another person’s use or employment of any method, act or practice declared to be unlawful by section two or any rule or regulation issued thereunder ...” (emphasis supplied).